**Jesse GARZA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01-91-00935-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1993.

Rehearing Denied March 11, 1993.

John W. Overton, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, David Kiatta, Asst. Dist. Attys., Houston, for appellee.

Before COHEN, MIRABAL and PRICE,[1] JJ.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated. The judge assessed punishment at two years in jail, probated, and a $200 fine.

 In his first three points of error, appellant challenges the sufficiency of the evidence. Viewing the evidence in the light most favorable to the verdict, we must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villalon v. State*, 791 S.W.2d 130, 132–33 (Tex.Crim.App.1990).

At 2:50 a.m., on January 19, 1991, Houston police officer A.L. King noticed appellant in a car stopped at a traffic light, in the far right hand lane of a six-lane street. The traffic light went through several cycles, yet appellant's car did not move. There was no other traffic on the road.

Officer King parked behind appellant's car and approached the vehicle on foot. He found appellant alone, asleep at the wheel. The car had a flat rear tire, the headlights were on, the engine was running, and the gearshift was in "drive." The level of the street was a "flat plane." Officer King awoke appellant, and ordered him to turn off the engine. Appellant did so. Officer King determined appellant was intoxicated and arrested him.

To sustain the conviction, the State must show appellant (1) was intoxicated (2) while driving or operating a motor vehicle (3) in a public place. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Pamph.1993). Appellant stipulated he was intoxicated in a public place, but claims he neither drove nor operated a motor vehicle.

No evidence shows appellant drove to that location or if he did, that he was then intoxicated. No evidence showed how long the car had been parked at that location; who parked the car; who owned the car; how long appellant had been in the car; how long appellant had been intoxicated; whether appellant was intoxicated before the car was parked or became intoxicated after parking it. Thus, the evidence does not show appellant drove to that location while intoxicated. *See Coleman v. State*, 704 S.W.2d 511 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (evidence that defendant was intoxicated when police arrived at scene of accident was insufficient to sustain DWI conviction absent evidence defendant was driving or was intoxicated when driving).

The only issue, then, is whether a person found sleeping in the driver's seat, in a car with a flat tire, stopped in the roadway, with the motor running, lights on, and the gearshift in "drive," is "driving" or "operating" a motor vehicle. We hold he is.

Appellant relies on *Ballard v. State*, 757 S.W.2d 389 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), and *Reddie v. State*, 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. ref'd). In *Ballard*, the defendant was found intoxicated, seated unconscious in the driver's seat, parked three feet off the roadway on the shoulder; the engine was running; the opinion does not say what gear was engaged. *Ballard*, 757 S.W.2d at 391. In *Reddie*, the defendant was intoxicated, slumped unconscious over the steering wheel of the car, parked in the middle of the road, with the engine running, and the gear in park. *Reddie*, 736 S.W.2d at 925. In both *Ballard* and *Reddie*, the evidence was held insufficient to show the defendant was "driving" or "operating" a vehicle. *Ballard*, 757 S.W.2d at 391–92; *Reddie*, 736 S.W.2d at 925–26. In both cases, no one saw the defendant drive to the location, and no evidence showed whether another person had been in the car, or who owned it. Moreover, because the legislature did not define "operating," *see* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b), both *Ballard* and *Reddie* defined "operating" to mean "[exerting] personal effort to cause the vehicle to function." *Ballard*, 757 S.W.2d at 391–92; *Reddie*, 736 S.W.2d at 925–26. In both cases, there was no evidence that, when found, either defendant was exerting personal effort to cause the vehicle to function. *Ballard*, 757 S.W.2d at 391–92; *Reddie*, 736 S.W.2d at 927. Thus, when discovered, neither defendant was "operating" a vehicle, and the

evidence was insufficient to sustain convictions for driving while intoxicated. *Ballard*, 757 S.W.2d at 391–92; *Reddie*, 736 S.W.2d at 927. Appellant contends this case is like *Ballard* and *Reddie* because no evidence shows that he exerted personal effort to cause the vehicle to function.

The State claims *Ballard* and *Reddie* can be distinguished because appellant's car was in "drive," while in *Reddie*, the vehicle was in "park," and in *Ballard*, no gear position was stated. *Ballard*, 757 S.W.2d at 390–92. *Reddie*, 736 S.W.2d at 925; That makes a difference, the State argues, because although appellant's car was on a flat street in "drive," it was not moving or rolling. From this circumstantial evidence, the State claims, a rational jury could have inferred that appellant had his foot on the brake and was therefore exerting personal effort to cause the vehicle to function. Thus, appellant was "operating" the vehicle. *See, e.g., Ray v. State*, 816 S.W.2d 97, 97–98 (Tex.App.—Dallas 1991, no pet.) (evidence that defendant was slumped unconscious behind steering wheel of vehicle stopped crossways at intersection, with engine running, gearshift in "drive," and with defendant's foot depressing the brake and holding vehicle in place, was sufficient to show he was "operating" vehicle); *Boyle v. State*, 778 S.W.2d 113, 113–14 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (evidence that defendant was awake in a vehicle stopped in far left lane of busy freeway, with her foot on the brake, car in gear, and engine running was sufficient to show she was "operating" vehicle); *see also City of Kansas City v. Troutner*, 544 S.W.2d 295, 300 (Mo.Ct.App.1976) ("Actual physical control of a vehicle results, even though the machine merely stands motionless, so long as a person keeps the vehicle in restraint or in a position to regulate its movements.") (citations omitted) (cited in *Reddie* and based on a Missouri statute that defined "operating" as in "actual physical control of a motor vehicle.")

We agree with the State and find appellant's authorities distinguishable. There was, in *Ballard*, less evidence of "operating" a vehicle than we have in this case, where appellant's car was on the roadway and the gear shift was in drive. In *Reddie*,

the gear was in park. That also is less evidence of "operating" than here, where the car was in drive.

In *Coleman*, 704 S.W.2d at 512, the defendant was out of his car when found and was never seen operating it. Here, appellant was in the car with the motor running and the gear shift in drive. We conclude that appellant was exercising more control than Coleman was.

Appellant concedes that braking constitutes "operating," but contends that it is insufficient because the State's circumstantial evidence did not exclude another reasonable hypothesis: that his car was standing still because either the tire was flat or the idle speed was too weak to move it. There was no evidence of the car's idle speed; although the left rear tire was flat, no evidence showed that would cause the car to stand still on a flat street while in "drive." "For an outstanding hypothesis to be reasonable, it must be supported by some evidence." *Criner v. State*, 822 S.W.2d 189 (Tex.Crim.App.1992) (citing *Nilsson v. State*, 477 S.W.2d 592, 597 (Tex.Crim.App.1972)). As evidence that he was not applying the brake, appellant cites Officer King's admission that he did not know: (1) if the brake lights were on; (2) the "position of appellant's feet" in the automobile; or (3) if the emergency brake was on. Officer King's lack of knowledge on these points does not conclusively show appellant was not braking. The jury was free to infer that the normal reason a car in "drive" on a flat street stands still is that the brakes have been applied. Appellant presented no evidence that he did not apply them, or that the brake lights were not on.

This case was tried on September 18, 1991, before the decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Therefore, we have considered whether there was a reasonable hypothesis inconsistent with guilt.

Finally, the State argues that appellant "operated" the vehicle when, in response to Officer King's orders, he turned off the ignition. We refuse to hold appellant cul-

pable for operating his car as directed by the police.

We hold that when viewed in the light most favorable to the verdict, the evidence is sufficient to show appellant operated his vehicle.

Points of error one, two, and three are overruled.

■ In his fourth point of error, appellant claims the trial judge erred by not allowing appellant to ask Officer King whether, in his opinion, appellant was "operating" a vehicle.

Officer King testified as follows:

PROSECUTOR: Okay. Can you tell me if part of operating a motor vehicle requires a person to put the car in gear?
OFFICER: Yes.
PROSECUTOR: And does it require a person to take the car out of gear?
OFFICER: Yes.
PROSECUTOR: And does it require a person to turn a car on and off?
OFFICER: Yes, it does.
PROSECUTOR: Does it require a person to put their foot on the brake?
OFFICER: Yes, it does.

On cross-examination, Officer King testified he had not seen appellant put the car in gear, take the car out of gear, put his foot on the brake, take his foot off the brake, turn the lights on, or turn the lights off, and that appellant turned the ignition off only at the officer's instructions. The following exchange then occurred:

DEFENSE ATTORNEY: So under those facts, you can't really say that Mr. Garza [appellant] was operating an automobile, could you Officer King?
PROSECUTOR: Your Honor, that's what the jury's here to determine.
COURT: Sustained.

■ A defendant generally must make an offer of proof to preserve any error in refusing to admit evidence. *Canto–Deport v. State*, 751 S.W.2d 698, 700 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd); TEX. R.CRIM.EVID. 103(a)(2). No offer of proof is necessary, however, if the substance of the excluded evidence is apparent from the context. *Id.; see also* TEX.R.APP.P. 52(b). Appellant made no offer of proof. Moreover,

how Officer King would have answered is not apparent. Thus, appellant waived any error.

Point of error four is overruled.

The judgment is affirmed.