Opinion issued April 21, 2005











 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01269-CR




PAMELA KAY BERGMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1146115




MEMORANDUM OPINION
          Pamela Kay Bergman, appellant, pleaded not guilty to driving while
intoxicated (“DWI”). The jury found her guilty. The trial court assessed punishment
at three-days’ confinement and a $2,000 fine. In six issues, appellant contends (1) the
evidence is factually insufficient to support her conviction; (2) the trial court erred
by sustaining the State’s objections, thereby denying appellant her fundamental right
to confrontation under the Sixth and Fourteenth Amendments of the United States
Constitution and under Article I of the Texas Constitution; (3) the trial court erred by
permitting the State to “lead” a witness while viewing a videotape of the arrest that
he had not previously seen; (4) the trial court erred by admitting evidence that was
of little or no probative value and unfairly prejudicial; (5) the trial court erred by
permitting the State to conduct a demonstration in the presence of the jury; and (6)
the trial court erred by permitting a lay witness to offer expert testimony regarding
intoxication. We affirm.
                                                        Background
          On November 23, 2002, Houston Police Officer G.E. Miller was patrolling Post
Oak Road as part of his assignment to the DWI Task Force. As he proceeded
northbound on Post Oak, he noticed a Ford Expedition stopped on the southbound
side of Post Oak with the driver’s door open. Appellant was driving the vehicle and
John Nichols was in the passenger seat. Miller made a U-turn and as he drove behind
appellant’s vehicle, he saw her door close and the vehicle drive away. Miller began
recording on his patrol car-mounted video camera and noticed appellant commit a
number of traffic violations, including seeing her vehicle accelerating and
decelerating in an unusual manner, making a wide turn, crossing a lane divider, nearly
striking another vehicle, and driving over a solid white line onto the shoulder and
curb. After Miller activated his emergency lights, appellant pulled over and entered
a parking lot at Miller’s request. 
          When Miller asked to see appellant’s driver’s license, appellant gave him her
State Bar of Texas identification card and explained that she did not have her driver’s
license with her. Appellant apologized to Miller and told him that she had a cast on
her leg and one of her contact lenses had fallen out. Miller smelled a “very distinct
and strong odor” of alcohol on appellant’s breath and saw that her eyes were glazed,
glassy, and watery. In response to his question about her consumption of alcohol that
evening, appellant told Miller that she had consumed one glass of wine about four
hours earlier. 
          Miller then administered two field sobriety tests on appellant. First, he
administered the Horizontal Gaze Nystagmus (“HGN”) test. Before appellant began,
Miller noticed her poor balance as she exited the vehicle. Appellant demonstrated all
six clues for intoxication on the HGN test. 
          Miller next administered the modified alphabet test in which he asked appellant
to recite the alphabet beginning with the letter “G” and ending with the letter “X.” 
Appellant did not perform well on this test because she started with “H” and ended
with “Z.” 
          Miller concluded that appellant was intoxicated and decided to arrest her for
DWI. Rather than informing appellant that he was arresting her, Miller told her that
he did not believe she had only one glass of wine and indicated that he would offer
her a breath test. Miller tried to bring appellant’s hands together behind her back to
place handcuffs on her and place her in custody, but appellant resisted. Appellant
repeatedly screamed “no” and “help me,” and began struggling, which made it
difficult for Miller to place her in handcuffs. At this point, Nichols got out of the
vehicle, ignored Miller’s repeated instructions to stay in the vehicle, and approached
Miller yelling and pointing his finger at him. Nichols claims he was telling Miller not
to “manhandle” appellant. Nichols grabbed both of Miller’s arms, but Miller was
able to call for back up while trying to hold on to appellant and keep her between
himself and Nichols.
          Nichols and Miller continued to struggle as appellant broke free and ran back
to her vehicle. After Nichols lost his balance, Miller let him fall to the ground. Inside
her vehicle, appellant called 911 on a cellular telephone. Miller instructed her to stay
there. As Miller waited for back up, a car driven by William Whigham, a retired
Harris County deputy sheriff, pulled into the parking lot. Whigham and his sister
Jennie Tompkins, a passenger in Whigham’s vehicle, saw from the freeway service
road what appeared to be Nichols fighting with Miller and believed that Miller might
need help. Miller arrested appellant for suspicion of DWI and transported her to the
police station. Nichols was arrested for interfering with the duties of a public servant. 
          A number of field sobriety tests were performed by Officer P. Lassalle on
appellant at the station. However, appellant refused to submit her breath for an
intoxilyzer analysis. Officers then took appellant to a video room where drivers
suspected of intoxication are videotaped performing field sobriety tests. After
appellant stated that she believed she “can do anything you ask [her] to do,” she
performed the one-leg-stand test, but failed by exhibiting the maximum number of
clues of intoxication After ensuring that appellant felt comfortable standing on both
feet, Lassalle asked her to perform the Rhomberg divided attention (mental/physical)
test. Although she was within the normal range for lapse of time by estimating 30
seconds after 33 seconds, she displayed 1 ½ to 2 inches of circular sway, which was
consistent with intoxication. Appellant performed a “nose touch test,” in which she
made multiple mistakes. Appellant also insisted on taking a walk-and-turn test, in
which she exhibited six out of eight possible intoxication clues. Lassalle opined that
appellant “had definitely lost the normal use” of her mental and physical faculties on
account of alcohol intoxication.
          Appellant, who pleaded not guilty to DWI, and Nichols, who pleaded not guilty
to inference with the duties of a public servant, were tried together before a single
jury. At trial, both appellant and Nichols testified that Miller did not tell appellant
he was placing her under arrest, but instead manhandled her, even placing his hands
on her breast. Nichols claims he went to appellant’s aid because she was screaming
for help. Both appellant and Nichols denied that appellant was intoxicated and
explained appellant’s failure to adequately perform the sobriety tests on appellant’s
recent foot surgery and cast on her foot. 
Factual Sufficiency of Evidence
          In her first issue, appellant contends that the evidence was factually insufficient
to support her conviction for the offense of DWI. We review the factual sufficiency
of the evidence by reviewing all of the evidence neutrally, not in the light most
favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). In a factual-sufficiency review, we may not substitute our own judgment for
that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
The Court of Criminal Appeals has recently discussed the factual-sufficiency
standard: 
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). We must consider
the most important evidence that appellant claims undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          Appellant asserts the evidence is factually insufficient for the following
reasons: (1) she was not wearing her required contact lenses and wore a cast on her
leg resulting in an inability to drive or perform the sobriety tests accurately, and (2)
the officer’s testimony acknowledged that she did not slur her speech and that she
timed the Rhomberg test within the normal range for accuracy. Appellant also asserts
that the State’s evidence of intoxication is too weak to support a finding of guilt
because the State’s only evidence of guilt was the following: (1) the odor of alcohol
on her breath; (2) glassy eyes; (3) refusal to take the intoxilizer; and (4) performance
on the modified alphabet test. 
          Appellant’s testimony presented evidence contrary to the verdict. Appellant
testified that she had a cast on her left foot on the evening in question, which could
have caused the erratic driving that Miller observed and recorded with his patrol car-mounted video camera. Appellant also testified that she had only consumed one glass
of wine approximately four hours prior to her encounter with Miller. She further
testified that she was having trouble seeing because one of her contact lenses had
fallen out. Nichols’s testimony was consistent with appellant’s testimony. 
          Nevertheless, the testimony of Miller, Lassalle, Whigham, and Tompkins
provided evidence in support of the verdict. Miller testified that he observed
appellant commit several traffic violations before he pulled her over. He also testified
that he smelled a very strong odor of alcohol on appellant’s breath and that her eyes
were glazed, glassy, and watery, which are all signs consistent with intoxication by
alcohol. Miller administered two field sobriety tests, both of which indicated a
number of clues of intoxication. After observing appellant that evening, Whigham
and Tompkins also testified that she appeared intoxicated. Upon her arrest, Officer
Lassalle administered more field sobriety tests, all of which appellant failed except
the Rhomberg test. Both officers testified that it was their opinion that appellant had
lost the normal use of her mental and physical faculties due to consumption of
alcohol. 
          A jury has the sole province of deciding what weight to give contradictory
testimony because its decision turns on the evaluation of demeanor and credibility. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). A jury’s verdict is
not manifestly unjust when it resolves conflicting views in favor of the State. Id. at
410. It is clear by the verdict that the jury chose to give more weight to the testimony
of officers Miller and Lassalle and bystanders Whigham and Tompkins. 
          After examining all of the evidence neutrally, we hold that the proof of guilt
was not so obviously weak as to undermine confidence in the jury’s determination;
nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard
could not have been met. The evidence was factually sufficient to show that appellant
committed the offense of driving while intoxicated. 
          Accordingly, we overrule appellant’s first issue. 
Confrontation Clause
          In her second issue, appellant contends that the trial court violated her
fundamental right to confrontation under the Sixth and Fourteenth Amendments of
the United States Constitution as well as under Article I, Section 10 of the Texas
Constitution. 
          On appeal, appellant complains of cross-examination that Nichols’ attorney
was not allowed to conduct. Appellant complains that the State’s “asked and
answered” objections were sustained when Nichol’s attorney attempted to cross-examine Tompkins about (1) how appellant pulled at the officer, (2) Tomkins’s
discussions with her brother about “what they saw out there that night,” (3) whether
Tomkins said, “That man is fighting that policeman,” and (4) whether Tomkins saw
appellant’s hands up. Appellant also complains that the State’s “asked and answered” 
objections were sustained when Nichols’ attorney attempted to cross-examine
Whigman about (1) whether it was standard procedure to advise a person when they
were being taken into custody why they were being taken into custody, (2) when
Whigman worked as a deputy and his training concerning physical contact with
females, (3) whether Whigman saw the officer put his foot between appellant’s legs,
and (4) his testimony that he saw appellant “staggering” halfway down the passenger
side of the car. Appellant has not explained, however, how the trial court’s ruling
disallowing these areas of cross-examination by Nichols’ attorney prevented her
confrontation of the witnesses.
          Appellant also contends on appeal that her trial attorney “was equally
restrained from exploring areas directly relating to [appellant’s] case due to Mr.
Nichols’ counsel’s questioning in the same areas.” However, appellant has not cited
to any instance in the record where her trial attorney was restrained from cross-examining any witness because Nichols’s attorney had already covered the subject
matter. The record reflects only appellant’s trial attorney’s statement, “So, then,
you’re not going to let me recross, and on the same thing?,” but no showing that any
cross-examination attempted by appellant’s counsel was not allowed by the trial court
because Nichol’s counsel had discussed the topic. Appellant’s brief on appeal
essentially concedes that the record does not show any trial court ruling that
disallowed appellant’s cross-examination of the witnesses because, as stated by
appellant, she “chose not to push the matter.”



          Under our rules of evidence, error may not be predicated on a court’s ruling
that excludes evidence unless (1) a substantial right of the party is affected, and (2)
“the substance of the evidence was made known to the court, or was apparent from
the context within which questions were asked.” Tex. R. Evid. 103(a)(2); see
Railsback v. State, 95 S.W.3d 473, 477-78 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). An offer of proof needs to show the facts that a defendant wishes to prove; 
if it does not do so, the issue is not preserved for appellate review. Jenkins v. State,
948 S.W.2d 769, 775 (Tex. App.—San Antonio 1997, pet. ref’d).
          Even if we were to assume that the trial court’s disallowance of Nichols’
attorney’s cross-examination somehow affected the ability of appellant’s attorney to
cross-examine witnesses, appellant did not make any offer of proof to the trial court
concerning the matters she complains were excluded by the trial court’s ruling. 
Additionally, although appellant asserts that these areas were important to the strategy
of her defense, appellant has not asserted in her appeal that the substance of the
excluded evidence is apparent from the context within which questions were asked. 
Appellant contends on appeal that “[t]he questions themselves were not at issue; it
was the subject matter of those questions that was limited by the trial court.” 
Appellant’s attorney, however, did not make any offer of proof concerning the
evidence that he sought to obtain from the “subject matter of those questions.” 
          We hold that, by failing to make an offer of proof and by failing to demonstrate
how the substance of the excluded evidence is apparent from the context within
which questions were asked, appellant has failed to preserve this issue for appeal. 
See Tex. R. Evid. 103(a)(2); Garza v. State, 846 S.W.2d 936, 939 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d). We further note that appellant never
asserted to the trial court that any of the constitutional rights she complains of in this
appeal were violated by the court’s ruling that sustained the State’s objections. See
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (Wright waived his
Confrontation Clause challenge on appeal because he only objected on hearsay and
Rule of Optional Completeness grounds at trial). Therefore, appellant has not
preserved her constitutional complaints for our review. Accordingly, we overrule
appellant’s second issue.
Leading the Witness
          In her third issue, appellant asserts that appellant’s Sixth and Fourteenth
Amendment rights were violated as a result of the trial court allowing the State to
“lead” witness Whigham. Specifically, appellant contends that the State led
Whigham through his testimony when the patrol car videotape was played
contemporaneously with his trial testimony. 
          To preserve an issue for appeal, the appealing party must have made a timely,
specific objection at the earliest possible opportunity and with enough specificity to
inform the trial court of the complaint. Tex. R. App. P. 33.1(a)(1)(A); Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). At trial, when the State
attempted to play the videotape as Whigham testified, Nichols’ trial counsel objected
that the State was “leading the witness” and that the State’s use of the videotape in
that manner was “leading, and suggestive, and outside of the rules of protocol.” See
Tex. R. Evid 611(c) (stating “Leading questions should not be used on the direct
examination of a witness except as may be necessary to develop the testimony of the
witness.”). Appellant’s attorney lodged no objections to the playing of the videotape. 
Even if we were to assume that Nichols’ attorney’s “leading” objection also applied
to appellant, Nichols’s attorney never objected to the trial court on the grounds that
the playing of the videotape violated either appellant’s or Nichols’ Sixth or
Fourteenth Amendment rights. Therefore, appellant has not preserved this issue for
appellate review. See Wright, 28 S.W.3d at 536 (Confrontation Clause challenge
waived on appeal because only objections at trial were hearsay and Rule of Optional
Completeness). Accordingly, we overrule appellant’s third issue. 
Admission of Evidence
          In her fourth issue, appellant contends that the trial court erred in permitting
the State to introduce evidence of a “modified alphabet” field sobriety test in
violation of rule 402 and rule 403 of the rules of evidence. Tex. R. Evid. 402, 403. 
Specifically, appellant contends that Officer Miller’s testimony concerning the
administration of a modified alphabet test was of little or no probative value
concerning any disputed issue and the prosecution offered it solely to prejudice the
jury against appellant. The State argues that the testimony was properly admitted to
show whether or not appellant had lost the normal use of the mental faculties, which
is relevant to the intoxication element of a DWI offense.
          We review the trial court’s determination of admissibility under an abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App.
1990); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d). Rule 402 provides that evidence which is not relevant is inadmissible. 
Tex. R. Evid. 402. Rule 403 provides that, “although relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by considerations of
undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403. At
trial, appellant objected, claiming the testimony was more prejudicial than probative. 
See Tex. R. Evid. 403. Appellant did not object to the relevancy of Miller’s
testimony regarding the modified alphabet test under rule 402. See Tex. R. Evid.
402. To preserve a complaint for appellate review, a defendant must object timely to
the trial court. Tex. R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996). Therefore, appellant has not preserved any complaint on appeal
of the irrelevancy of the testimony under rule 402. See Tex. R. Evid. 402.
          Under rule 403, evidence is inadmissible if the risk of unfair prejudice
substantially outweighs the probative value. Tex. R. Evid. 403; Swarb v. State, 125
S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d); Goldberg v.
State, 95 S.W.3d 345, 366 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The
reviewing court, using an abuse-of-discretion standard, should “do more than decide
whether the trial judge did in fact conduct the required balancing between probative
and prejudicial values; the trial court’s determination must be reasonable in view of
all relevant facts.” Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)
(citations omitted). A Rule 403 balancing test includes, but is not limited to, the
following factors:
(1) how probative is the evidence;
(2) the potential of the evidence to impress the jury in some
irrational, but nevertheless indelible way;
          (3) the time the proponent needs to develop the evidence; 
          and
          (4) the proponent’s need for the evidence. 
 
Reese v. State, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000).
          The evidence of Miller’s administration of the modified alphabet test was
highly probative. The elements of the offense of driving while intoxicated are that
a person was (1) operating a motor vehicle, (2) in a public place, (3) while
intoxicated. Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003). “Intoxicated” means,
among other things, “not having the normal use of mental or physical faculties by
reason of the introduction of alcohol . . . into the body.” Tex. Pen. Code Ann. §
49.01(2)(A) (Vernon 2003). “Normal use” means the manner in which a normal
non-intoxicated person would be able to use his mental or physical faculties. See
Ford v. State, 129 S.W.3d 541, 546 (Tex. App.—Dallas 2003, pet. ref’d). The
evidence of this test was probative of whether appellant had the normal use of her
mental faculties. The evidence does not have the potential to impress the jury in some
irrational but indelible way because intoxication and, more specifically, appellant’s
loss of her normal mental or physical faculties is among the issues that a jury must
consider in a DWI trial. Furthermore, the evidence was addressed for only a very
brief period of time. 
          Rule 403 favors the admission of relevant evidence and carries with it a
presumption that relevant evidence will be more probative than prejudicial. Long v.
State, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991). Appellant’s suggestion that the
only evidentiary value of Miller’s testimony regarding administration of the test was
to establish probable cause is unconvincing. Contrary to appellant’s suggestion,
appellant’s mental dexterity does have bearing on her intoxication. Appellant fails
to explain how evidence demonstrating a lack of mental dexterity, which could help
determine if a person is intoxicated, is unfairly prejudicial when the offense is DWI. 
          Having reviewed the record, we find the trial court acted reasonably when it
admitted in evidence the testimony of the administration of the modified alphabet test. 
The trial court did not abuse its discretion in admitting this testimony. 
          Accordingly, we overrule appellant’s fourth issue. 
In-Court Demonstration
          In her fifth issue, appellant contends that the trial court erred in permitting the
State to conduct a demonstration in the presence of the jury, in which the prosecutor
asked Miller to look into her eyes to see if he could detect whether she was wearing
contact lenses. Specifically, appellant argues the trial court erred by allowing the
demonstration, which (1) deprived appellant of “confrontation” because appellant’s
trial counsel cannot cross-examine the prosecutor and (2) was inadmissible because
the demonstration was not performed under conditions similar to the event that the
prosecutor sought to duplicate. However, appellant failed to object to the
demonstration on either of these grounds. Rather, appellant’s co-counsel objected on
the ground that the demonstration “makes the Prosecutor a witness. Conceivably.”
          To preserve a complaint for appellate review, a party must have presented to
the trial court a timely objection, stating the specific grounds for the ruling desired,
and either the trial court must have ruled on the issue, or the complaining party must
have objected to the trial court’s failure to rule. Tex. R. App. P. 33.1(a). An objection
that states one legal theory will not support a different legal theory on appeal. 
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Flores v. State, 125
S.W.3d 744, 746-47 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Therefore, when
a complaint on appeal does not comport with the objection made at trial, no error is
preserved for appellate review. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App.
2002); Flores, 125 S.W.3d at 746-47. Because appellant failed to object and because
appellant’s co-counsel’s objection was based on grounds not asserted on appeal, she
has not preserved error on this issue. 
          Accordingly, we overrule appellant’s fifth issue. 
Lay Testimony
          In her sixth issue, appellant contends that the trial court erred in allowing a lay
witness to offer expert testimony regarding intoxication. Specifically, appellant
argues that the trial court should not have permitted Tompkins to offer testimony as
to her opinion of whether appellant was intoxicated without first stating the basis for
that opinion. 
          When the prosecutor asked her what she saw at the scene on the evening in
question, Tompkins testified that she saw appellant step “out of the vehicle,
staggering, as she came around the end of the vehicle, and towards the policeman.” 
The prosecutor then asked, “Without having had any contact with [appellant and
Nichols], and seeing what you saw, what’s your opinion as to what happened and that
night?” Appellant’s co-counsel, Nichols’ counsel, objected to Tompkins’ opinion
testimony for failure to lay the proper predicate. After the court sustained this
objection, the prosecutor asked, “What do you think happened?” Co-counsel again
objected, but on speculation grounds. The court overruled this objection and
Tompkins answered
I thought the policeman had stopped them for something. 
For some violation. And, that they were both–the
man–who had to subdue and put on the ground–and the
lady that got out of the vehicle, and had come around, was
fighting him, too. I had no idea of what they had been
stopped for. But, with her staggering, I made the opinion
that she must have been drinking.
 
(emphasis added). 
          To preserve error for appeal, a defendant must (1) object, (2) state the grounds
with sufficient specificity, and (3) obtain an adverse ruling. Tex. R. App. P. 33.1; see
Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Appellant’s co-counsel’s objection to the failure to lay the proper predicate for Tompkins opinion
testimony was sustained. Error, thus, is not preserved because no adverse ruling
occurred on this lack of predicate objection. Error is not preserved if the objection
is not pursued to an adverse ruling. Ramirez v. State, 815 S.W.2d 636, 643 (Tex.
Crim. App. 1991) (holding that appellant waived error because the trial court did not
make a definite or adverse ruling on appellant’s speculation objection). After
Tompkins offered a non-responsive answer to the prosecutor’s question in which she
testified as to what, in her opinion, she saw that evening, neither appellant nor
Nichols’ counsel objected to the testimony. To preserve error, a party must
continuously object each time inadmissible evidence is offered. Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991); Johnson v. State, 84 S.W.3d 726, 729
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Appellant has not preserved error
on Tompkins’s opinion testimony. 
          Accordingly, we overrule appellant’s sixth issue.

 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Alcala, Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).