NUMBER 13-05-039-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

KY RODA,                                                              Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                   On appeal from the 23rd District Court

                           of Brazoria
County, Texas.

 

 

 

                    MEMORANDUM OPINION [1]

 

        Before Chief Justice Valdez and Justices Rodriguez
and Castillo

                        Memorandum Opinion by Justice Castillo

 








A jury convicted
appellant, Ky Clarence Roda of possession of a controlled substance and
possession of chemicals with intent to manufacture a controlled substance.[2]  The trial court assessed punishment at
eighteen years' confinement in the Texas Department of Criminal Justice‑Institutional
Division.  By three issues, Roda  asserts that the trial court reversibly erred
in admitting extraneous offense evidence and limiting cross-examination.  We affirm.

I.  Relevant Facts

Executing a search
warrant, law enforcement arrested Roda in Angleton and charged him with
possession of (1) a controlled substance, namely methamphetamine, and (2)
chemicals allegedly used to manufacture methamphetamine.  Frank Acosta, Tory Meeks, Dorren Vannote, and
two children were present at the time Roda was arrested.  Meeks was charged with possession of
methamphetamine, as was William Clark.[3]  Both Meeks and Clark testified for the
prosecution at the trial.








Clark testified that
Roda told him on a prior occasion how to manufacture methamphetamine and that
he had seen Roda make drugs or methamphetamine. 
Roda did not object to the testimony of Clark.  Meeks testified that she was aware of Roda's
connection to methamphetamine use and manufacture.  Roda did not object to her testimony.  Roda attempted to adduce testimony from Meeks
regarding the identity and procurement of her attorney, proffering that her
motive to testify was compromised by the manner in which she obtained
counsel.  The prosecutor objected, and
Roda argued bias as grounds for the line of questioning.  The trial court sustained the State's
objection.

The last witness for
the prosecution, Wayne Flippen, also testified regarding Roda's manufacture of
methamphetamine.  Roda objected to
Flippen's testimony.[4]  The trial court overruled the objection and
granted a running objection for all of Flippen's testimony.  

II.  Issues Presented








By his first and second
issues, Roda maintains that the trial court abused its discretion and committed
reversible error by allowing Flippen to testify as to extraneous evidence to
show character conformity.  Roda asserts
that the ruling violates rules 403 and 404(b) of the Texas Rules of
Evidence.  Tex. R. Evid. 403, 404(b). 
In his third issue, Roda maintains that the trial court erred in
limiting the cross-examination of Meeks regarding the prosecutor's interference
in Meek's choice of attorney to show bias and motive.  The State responds that the trial court did
not abuse its discretion, and Roda (1) failed to preserve error, and in the
alternative, (2) has not shown harm in the trial court's rulings.

III. Preservation of
Error

As a prerequisite to
presenting a complaint for appellate review, the record must show the
following:

(1) the complaint was
made to the trial court by a timely request, objection, or motion that:

 

(A) stated the grounds
for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context; and

(B)
complied with the requirements of the Texas Rules of Civil or Criminal Evidence
or the Texas Rules of Civil or Appellate Procedure; and

 

(2) the trial court:

(A) ruled
on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on
the request, objection, or motion, and the complaining party objected to the
refusal.

 

Tex.
R. App. P. 33.1(a).  In Keeter v. State,
175 S.W.3d 756, 760 (Tex. Crim. App. 2005) (citing Lankston v. State,
827 S.W.2d 907, 909 (Tex. Crim. App. 1992)), the court held:

All a party has to do
to avoid the forfeiture of a complaint on appeal is to let the trial judge know
what he wants, why he thinks himself entitled to it, and to do so clearly
enough for the judge to understand him at a time when the trial court is in a
proper position to do something about it." 








Keeter, 175 S.W.3d at
760.  The record must show that the
complaining party gave the trial court an opportunity to rule on the complaint
by making the complaint to the trial court in a specific and timely
objection.  Tex. R. App. P. 33.1(a); Geuder v. State, 115 S.W.3d
11, 13 (Tex. Crim. App. 2003); Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003).  The objection
must be made at the earliest possible opportunity.  Turner v. State, 805 S.W.2d 423, 431
(Tex. Crim. App. 1991).  Further, the law
in Texas requires a party to continue to object each time inadmissible evidence
is offered.  Martinez, 98 S.W.3d
at 193.  Two exceptions exist where
counsel either (1) obtains a running objection, or (2) requests a hearing
outside the presence of the jury.  Id.


The record reveals
that Roda obtained a running objection as to the testimony of Flippen.  However, Roda did not object to any of the
testimony of Clark. Like Flippen, Clark testified as to the essential elements
of the offense.  Error is not preserved
if the same evidence is admitted without objection elsewhere in the trial.  Chamberlain v. State, 998 S.W.2d 230,
235 (Tex. Crim. App. 1999); Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim App. 1991).  Further, Roda
raised no rule 404(b) objection at trial to the testimony of Clark.








Moreover, even if the
evidence was admitted over a proper objection, it is harmless if the same
evidence is admitted without objection and proves the same fact.  Hammons v. State, 856 S.W.2d 797, 802
(Tex. App.BFort Worth 1993, pet.
ref'd).  Any alleged error in the
admission of evidence is cured if the same evidence is admitted elsewhere in
trial without objection.  Hudson v.
State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).  Because Roda did not object to the
substantially similar testimony of Clark, Roda did not preserve error.[5]  We overrule Roda's first and second issues.

IV.  Limiting Cross-Examination

Roda maintains in his
third issue that the trial court abused its discretion when it sustained the
State's objection to cross-examination of Meeks as to the prosecutor's
involvement in Meeks' choice of attorney. 
The State responds that the trial court did not abuse its discretion in
limiting the cross-examination of Meeks.








We review the trial
court's ruling for an abuse of discretion. 
See Carroll v. State, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996)
(noting that "the trial judge has the discretion to limit cross-examination");
Crenshaw v. State, 125 S.W.3d 651, 654-55 (Tex. App.BHouston [1st Dist.]
2003, no pet.); Munoz v. State, 763 S.W.2d 30, 32 (Tex. App.BCorpus Christi 1988,
pet. ref'd).  An abuse of discretion
occurs when the trial court acts arbitrarily or unreasonably, without reference
to guiding rules or principles, or when the trial court's decision is so wrong
as to lie outside that zone within which reasonable persons might disagree.  Montgomery v. State, 810 S.W.2d 372,
379 (Tex. Crim. App. 1990).  The trial
court maintains broad discretion to impose reasonable limits on
cross-examination to avoid, inter alia, harassment, prejudice, confusion of the
issues, endangering the witness, and the injection of cumulative or collateral
evidence.   Lagrone v. State, 942
S.W.2d 602, 613 (Tex. Crim. App. 1997). 
Thus, the trial court exceeds its discretion only when it prohibits a
defendant from engaging in otherwise appropriate cross-examination designed to
show a prototypical form of bias on the part of the witness.  Id.   The
record reads as follows:

[Defense
counsel]: And he made arrangements for you
to get a lawyer, did he not?

 

[Meeks]:                Correct.

[Defense counsel]: And did he
tell you, you need to get rid of the lawyer that you had?

[Prosecutor]:          I'm going to object to that as not being
relevant, Judge.

The Court:  Sustain.

[Defense counsel]: So, he madeBwell, you had another
lawyer when you come up here Monday, didn't you?

[Prosecutor]:          Judge, I'm going to object to that's as
not being relevant.

The Court:   What's your
relevance?

[Defense counsel]: Goes to motive
and bias, Your Honor, and why she's here to testify.

The Court:   I'll sustain the
objection.








There is no further
similar line of questioning as to Meeks' attorney.  There is no offer of proof to show what the
intended testimony would have been.  The
essence of what the testimony would reveal was not apparent from the context of
the questions and answers.  See
Easterling v. State, 710 S.W.2d 569, 578 (Tex. Crim. App. 1986); Garza
v. State, 846 S.W.2d 936, 939 (Tex. App.BHouston [1st Dist.] 1993, pet. ref'd).  Likewise, the record does not reveal evidence
having any tendency to make the existence of any fact that was of consequence
to the determination of the action more probable or less probable than it would
be without the evidence.  Tex. R. Evid. 401.  We conclude the trial court did not abuse its
discretion in limiting the cross-examining of Meeks because the ruling lies
within the zone of reasonable disagreement. Montgomery, 810 S.W.2d at
391.  We overrule Roda's third issue.

IV. Conclusion

Having overruled all
three issues, we affirm the verdict of the trial court.                                                                         ERRLINDA
CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this the 25th day of May, 2006.

 











[1] See Tex.
R. App. P. 47.1, 47.4.  





[2] See Tex.
Health & Safety Code Ann '_ 481.115(1) (Vernon 2003);
481.124(a) (Vernon Supp. 2005).  The
indictment alleged that, on or about April 3, 2003, Roda did then and there
intentionally and knowingly (1) possess a controlled substance, namely
methamphetamine of at least 400 grams, and (2) possess anhydrous ammonia or an
immediate precursor, with intent to unlawfully manufacture a controlled
substance, namely methamphetamine, constituting a "criminal episode"
as defined in section 3.01 of the Texas Penal Code.  Tex.
Pen. Code Ann. ' 3.01 (Vernon 2003). 





[3] William Clark was not at the
Angleton location at the time the search warrant was executed; however, he was
subsequently arrested at a different location.





[4] The court overruled the objection
and gave Roda a running objection that under (1) Rule 404 the evidence was not
admissible, and (2) Rule 403, even if relevant, the evidence was more
prejudicial than probative.  Tex. R. Evid. 403, 404(b).  Rule 404(b) of the Texas rules of evidence
provides that evidence of other crimes, wrongs or acts is not admissible to
prove the character of a person in order to show action in conformity
therewith.  Tex. R. Evid. 404(b). 
It may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident, provided that upon timely request by the accused in a
criminal case, reasonable notice is given in advance of trial of intent to
introduce in the State's case-in-chief such evidence other than that arising in
the same transaction.  Tex. R. Evid. 404(b); see Hernandez
v. State, 176 S.W.3d 821, 822 (Tex. Crim. App. 2005).  Even if there had been a proper rule 404(b)
objection, the notice requirement found in the rule does not relate to the
substantive admissibility of the evidence. 
Hernandez,176 S.W.3d at 825.

 





[5] Rule 403 of the Texas Rules of
Evidence also provides that relevant evidence may be excluded if its probative
value does not outweigh its prejudice.  Tex. R. Evid. 403.  Assuming without deciding that the rule
404(b) testimony of Flippen, Meeks, and Clark was prejudicial, Roda did not
raise any rule 403 objections at trial. 
When a party attempts to adduce evidence of "other crimes, wrongs
or acts," in order to preserve error on appeal, the opponent of that
evidence must object in a timely fashion. 
Optimally, the opponent should object that such evidence is inadmissible
under rule 404(b).  Montgomery v.
State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).