Opinion issued July 16, 2009








In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00367-CR




LEON LEDET, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1506075




MEMORANDUM OPINION
          Appellant, Leon Ledet, was convicted by a jury of operating a motor vehicle
in a public place while intoxicated (driving while intoxicated). See Tex. Penal Code
Ann. § 49.04 (Vernon 2003). Appellant pleaded true to a prior conviction for
aggravated robbery. The court assessed punishment at 110 days in jail and suspended
appellant’s driver’s license for a year. See Tex. Penal Code Ann. § 12.43(b)
(Vernon 2003); Tex. Transp. Code Ann. §§ 521.341(3), .343(a), .344(a) (Vernon
2007 & Supp. 2008).
          In five points of error, appellant contends the evidence is legally and factually
insufficient (points one and two) and the trial court erred in not granting a mistrial
based on an alleged comment by the State on appellant’s failure to testify (points
three, four, and five). We affirm.
Background
          Deputy Steve Faulkner of the Harris County Sheriff’s Department testified that
on February 8, 2008, beginning at approximately 5:45 a.m., his office received
approximately 15 reports of a disabled car blocking two lanes of traffic on the Eastex
Freeway. When Faulkner arrived at the scene around 6:00 a.m., he saw that the car
was perpendicular to the flow of traffic, blocking two of the freeway’s four lanes. 
The car was located approximately a quarter mile from the nearest freeway exit ramp
and 200 to 300 yards from the nearest freeway entrance ramp. Appellant was
unconscious and sitting in the driver’s seat, which was in the “laid-back position.” 
The car’s engine was running, the transmission was in the “park” gear, and the
driver’s window was down. Faulkner did not recall if appellant was wearing a seat
belt and was somewhat uncertain where appellant’s legs were positioned in the car,
although Faulkner stated that appellant’s legs “were where your normal feet would
go.”
          Faulkner testified that appellant smelled of alcohol. Appellant eventually woke
up after Faulkner administered two “sternum rubs,” the second of which lasted about
ten seconds. Appellant did not respond to Faulkner’s questions and needed help in
getting out of the car. After appellant refused to take field-sobriety tests, Faulkner
took appellant to the Sheriff’s Department substation. Faulkner testified as follows
about his questioning of appellant:
[State] Q.Did he [appellant] ever indicate to you where
he was coming from?
[Faulkner]A.I asked him. He advised he was coming from
a friend’s house around the area of Crosstimbers and 59, which is
approximately four miles -- four to five miles south of where we were
at.
Q.Did he say anybody was driving?
A.No.
Q.Did you see anything in the car that would lead you to
believe that another person might have been driving?
A.No.
Q.Did he tell you about any medical conditions?
A.No, I asked him if he had any medical conditions, he stated
no.
On cross-examination, Faulkner stated that he had no idea how long the car had been
stopped on the freeway, whether appellant had driven the car, or if another passenger
had been in the car before he arrived at the scene.
          Deputy Dennis Barker saw appellant at the sheriff’s substation and attempted
to administer an Intoxilyzer breath test. Barker testified that when he asked appellant
to give a breath sample, appellant cried, sat down, and said, “I f—ked up.” Deputy
Stuart Campbell also saw appellant at the sheriff’s substation, and Campbell testified
that appellant cried and said, “I can’t believe I did this.”
Discussion
          In points of error one and two, appellant contends the evidence is legally and
factually insufficient to establish that he operated a motor vehicle. See Tex. Penal
Code Ann. § 49.04(a) (Vernon 2003) (“A person commits an offense if the person
is intoxicated while operating a motor vehicle in a public place.”). Appellant
concedes he was intoxicated and in a public place, but argues there is insufficient
evidence that he drove the car.
          Appellant relies on Reddie v. State, a 1987 case in which the defendant was
found passed out and intoxicated behind the steering wheel of a car. Reddie, 736
S.W.2d 923, 924 (Tex. App.—San Antonio 1987, pet. ref’d). Witnesses saw the
defendant in the car at about 9:30 p.m., but did not see the car two and a half hours
earlier. The car was parked in the middle of a road leading into a residential
subdivision. Id. The San Antonio court reversed:
This is not to ignore the obvious inference that a person such as
appellant, who is found sleeping in a car with the motor running may
have operated the car at some point in time. However, this evidence
alone is no indication that the person operated the car while intoxicated. 
The fact that the motor is running and the gear is in the park position
supports an inference that the person found intoxicated and sleeping
behind the wheel caused the car to function in this way at some time. 
We conclude there exist other reasonable hypotheses. Without knowing
how long the car had been at that place, or when the sleeping occupant
became intoxicated, or even that the person was the one who drove the
car and parked it there, we cannot infer that he drove or operated the car
while intoxicated.
Id. at 926.
          The State responds, and we agree, that Reddie is based on the existence of an
“outstanding reasonable hypothesis inconsistent with the guilt of the
accused”—someone other than the defendant drove the car. In 1991, however, the
Court of Criminal Appeals rejected this analytical construct as a method of appellate
review of evidentiary sufficiency. See Geesa v. State, 820 S.W.2d 154, 161 (Tex.
Crim. App. 1991), overruled on other grounds by Paulson v. State, 28 S.W.3d 570,
573 (Tex. Crim. App. 2000). After Geesa, evidentiary review of the fact-finder’s
determinations based on circumstantial evidence need not exclude the “outstanding
reasonable hypothesis inconsistent with the guilt of the accused.” Id. at 159.
          The standard of review for legal sufficiency of the evidence is whether,
viewing the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set aside the verdict only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
          We may not substitute our judgment for that of the fact-finder. King,
29 S.W.3d at 563. The fact-finder alone determines what weight to place on
contradictory testimonial evidence because that determination depends on the fact-finder’s evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408–09. As the
judge of the credibility of the witnesses, the fact-finder may choose to believe all,
some, or none of the testimony presented. Id. at 407 n.5. The standard for reviewing
the factual sufficiency of the evidence is whether, after considering all of the evidence
in a neutral light, the jury was rationally justified in finding guilt beyond reasonable
doubt. Watson, 204 S.W.3d at 415.
          Appellant does not cite to cases with similar facts in which the appellate courts
determined the evidence was sufficient. See, e.g., Purvis v. State, 4 S.W.3d 118,
120–22 (Tex. App.—Waco 1999, no pet.) (post-Geesa; evidence of DWI sufficient
when pick-up truck was found in ditch, lights were on, defendant was alone and
passed out on floorboard of pick-up with her feet on driver’s side and her head and
upper body on passenger’s side); Garza v. State, 846 S.W.2d 936, 937, 939 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d) (post-Geesa; holding evidence of DWI
sufficient when car was stopped at traffic light, defendant was alone and asleep at
wheel, car had flat rear tire, headlights were on, engine was running, and gearshift
was in “drive”); Pope v. State, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no
pet.) (pre-Geesa; “Moreover, the alternative hypotheses advanced by appellant are not
reasonable, in part because they are based on pure speculation. Appellant does not
cite a shred of evidence that supports the hypothesis that someone else drove him to
this spot in rural Caldwell County and walked away. The suggestion that a sober
appellant parked his truck in the middle of the road and then drank himself into
intoxication (or then became intoxicated as a result of the earlier consumption of
alcoholic beverages) is incredible, is without evidentiary support, and is contradicted
by the fact that only one half-consumed can of beer was found in the truck.”).
          In this appeal, appellant was found in a car on a major freeway. The car was
not within easy walking distance of an entrance or an exit ramp, and the car could not
reasonably have been blocking two lanes of traffic for any extended period of time
before it was noticed by other drivers. Furthermore, appellant made statements than
a fact-
finder could believe were evidence of guilt. Viewing the evidence in the light most
favorable to the jury’s verdict, the circumstantial evidence, along with appellant’s
statements, is legally sufficient to support the jury’s finding that appellant operated
a motor vehicle. Even when we consider all of the evidence, including appellant’s
hypothesis that someone else drove the car and left appellant by himself (or appellant
parked the car on the freeway himself while sober, then proceeded to drink himself
into intoxication), we hold that the jury’s verdict is not so against the great weight
and preponderance of the evidence as to be factually insufficient
          We overrule points of error one and two.
          In points or error three, four, and five, appellant contends the trial court erred
in not granting a mistrial because of the following comment by the State in closing
argument:
[State]:If Mr. Ledet was tired, the Defendant was
tired, he had ample opportunity to tell the officer, “Yeah, I was tired.”
[Appellant’s lawyer]:Object, Your Honor, to comment
on the Defendant’s Fifth Amendment right.
THE COURT:That’s sustained.
[Appellant’s lawyer]:Ask the jury to be instructed to
disregard.
THE COURT:Please disregard the last statement made
by the Prosecutor.
[Appellant’s lawyer]:Move for a mistrial.
THE COURT:Denied.
On appeal, appellant claims this constituted a comment on appellant’s failure to
testify and violated Texas Constitution article I, section 10 (point three), Code of
Criminal Procedure article 38.08 (point four), and the Fifth Amendment (point five). 
See Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).
          The State responds that the State’s closing argument referred to appellant’s
silence at the time of his arrest, rather than a comment on appellant’s decision not to
testify. We agree. The trial court sustained appellant’s objection because appellant
had a Fifth Amendment right to remain silent after arrest, and the trial court instructed
the jury to disregard the statement. Appellant did not preserve at trial the claim that
the State commented on his failure to testify. See Tex. R. App. P. 33.1(a); Cuddy v.
State, 107 S.W.3d 92, 96 (Tex. App.—Texarkana 2003, no pet.). Even if the alleged
error had been preserved, there is no merit to the argument that the statement was a
comment on appellant’s failure to testify.
          We overrule points of error three, four, and five.

Conclusion
          We affirm the trial court’s judgment. 
 
 

                                                             Jim Sharp
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Sharp and Taft.



Do not publish. Tex. R. App. P. 47.2(b)