**Charles Garvis BALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00132–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 3, 1988.

Rehearing Denied Sept. 29, 1988.

**390**

---

William Pippen, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Barbara Budros, Asst. Dist. Atty., for appellee.

Before WARREN, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

After a bench trial, the court found appellant guilty of driving while intoxicated and assessed punishment at 180 days confinement, probated for two years, and a fine of $350.

Appellant contends in two points of error that the evidence is insufficient to support the conviction. Specifically, he contends that there is no evidence that he "drove" or "operated" a motor vehicle while intoxicated.

The record reflects that at approximately 6:20 p.m. on August 9, 1986, Dennis Waggett, Mayor of the City of Webster, saw a blue Chevrolet Suburban parked on the side of State Highway 3, opposite a filling station where he had stopped. After servicing his car, Waggett crossed the highway and parked behind the Suburban, which was parked on the shoulder approximately three feet from the driving lane of the highway. The windows were closed and the engine was running. Appellant was in the driver's seat, slumped over the steering wheel, and was unconscious. No one else was in the Suburban. Waggett testified that he did not know how long appellant had been parked on the shoulder and that he never saw appellant drive the car. Waggett then called the police.

Officer Drennan responded to the call, awoke appellant, arrested him, and searched the vehicle. She found two bottles of scotch and a glass three-fourths full of a liquid that smelled like alcohol. She then took appellant to the police station where he was videotaped and an intoxilyzer breath test administered at 7:45 p.m. The test reflected a .27 blood/alcohol concentration. During the videotaping, the following colloquy occurred:

Q: Were you operating a motor vehicle?
A: Yes.
Q: Okay. You need to speak up.
A: Yes.
Q: What kind of vehicle were you driving?
A: 1984 Suburban Chevrolet.
Q: Okay. What roadway were you on?
A: Highway 3.
Q: Have you been drinking?
A: Yes.
Q: What were you drinking?
A: Scotch.
Q: Are you under the influence of alcohol now?
A: I don't think so.
Q: Are you under the influence of any other ... anything other than alcohol.
A: No.
Q: Were you involved in an accident?
A: No.

Q: How long had you been driving before ... Disregard that question.

Okay. Mr. Ballard, are you willing at this time to submit to an intoxilyzer test?

A: Yes.

Q: Okay.

Sebastian Fromhold, a Harris County technical supervisor for breath testing, testified that the appellant's blood/alcohol content was at least .10 at 6:00 or 6:30 p.m. The appellant did not testify. There was no testimony concerning the length of time the car was parked on the side of the road prior to Waggett noticing it. No one testified that he saw appellant drive the car.

The relevant question, when considering sufficiency of the evidence on appeal, is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985).

The State was required to prove that appellant (1) was intoxicated (2) while driving or operating a motor vehicle (3) in a public place. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Vernon Supp.1988). There is no dispute concerning the sufficiency of the evidence to establish that appellant was intoxicated and in a public place when he was arrested. The issue, then, is whether testimony establishing that appellant was seated unconscious in the driver's seat of a motor vehicle, parked on the shoulder of the highway with the engine running, constitutes evidence that appellant was "driving" or "operating" a motor vehicle. We hold that it does not.

We find persuasive *Reddie v. State*, 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. pending), which dealt with remarkably similar circumstances. In that case, witnesses saw the defendant slumped over the steering wheel of a car that was idling and parked in the middle of a road. No one knew how long the car had been in the middle of the road, how long the defendant had been sitting in it, or how long he had been intoxicated. Further, no one saw the defendant drive the car, and no evidence was introduced to show who owned the car. Finally, there was no proof of when defendant became intoxicated and no proof that defendant was intoxicated when the car was parked. The court concluded that there was insufficient evidence that appellant was "driving" while intoxicated.

The court then considered whether the State had proved that the defendant "operated" the automobile while intoxicated. It first noted that there is no statutory definition of "operate" and, after consulting two definitions, determined that the plain meaning of the word required "effort, the doing of something, by the operator." *Id.* at 926. The court refused to infer that the defendant drove or operated the car "without knowing how long the car had been at that place, or when the sleeping occupant became intoxicated, or even that the person was the one who drove the car and parked it there...." The court stated:

We hold that in order to prove that appellant operated the vehicle while intoxicated under article 6701*l*–1(b), absent an otherwise controlling definition, evidence must show that *while intoxicated* he exerted personal effort to cause the vehicle to function. There was no evidence to prove appellant was intoxicated before the vehicle was placed there. There was no evidence as to when appellant became intoxicated or that he was intoxicated at the time he performed an act to affect the functioning of the vehicle.

*Id.* at 927 (emphasis in original).

In the case before this Court, the state of the record is similar. The appellant was found unconscious and intoxicated in the driver's seat with the engine idling. There was no testimony concerning how long the car had been parked on the shoulder; how long appellant had been intoxicated; how long appellant had been in the car; who had parked the car; whether appellant was intoxicated before or at the time the car was parked; or the ownership of the car. Thus, there is insufficient evidence to prove that appellant, while intoxicated, "drove" the car or "exerted personal effort to cause

it to function." [1] *Reddie*, 736 S.W.2d at 927.

Appellant's two points of error are sustained.

The judgment is reversed, and the cause is remanded for the entry of a judgment of acquittal. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Graham v. State*, 643 S.W.2d 920, 924 (Tex. Crim.App.1981).

---

1.  Assuming, without so finding, that appellant's extrajudicial statement while in custody can be interpreted to constitute an. admission that he was driving or operating the vehicle in question, this uncorroborated statement alone constituted no evidence (1) as to when he had driven or operated the vehicle, or (2) *that he was intoxicated at the time he was driving.* *Threet v. State*, 157 Tex.Cr.R. 497, 250 S.W.2d 200 (1952); *Coleman v. State*, 704 S.W.2d 511, 512 (Tex.App. —Houston [1st Dist.] 1986, pet. ref'd).