IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-554-CR





VERN DOUGLAS McCARTY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 258,306, HONORABLE GUY HERMAN, JUDGE PRESIDING



 




 In a trial before the court, appellant was found guilty of the misdemeanor offense
of driving while intoxicated. See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex.
Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended and codified
at Tex. Penal Code Ann. § 49.04). Punishment was assessed at forty-five days' confinement and
a fine of one thousand dollars. The term of confinement and six hundred dollars of the fine were
probated. In his sole point of error, appellant asserts that the trial court erred in finding the
evidence sufficient to support the conviction. We will overrule appellant's point of error and
affirm the judgment of the trial court.

 Travis County deputy sheriff Jeffery DeFoor, the only person to testify, related the
events surrounding appellant's arrest. DeFoor was driving on Ben White Boulevard about 3:30
a.m. on October 7, 1985, when he observed a pickup truck with its lights on, its left wheels
straddling the line of the far right-hand lane marker and the remainder of the truck on a gravel
shoulder. DeFoor found the circumstances "very suspicious" and decided to check the vehicle. 
After parking his patrol car behind the truck, DeFoor could hear the truck's engine running. With
the aid of a flashlight, DeFoor saw appellant, the sole occupant of the pickup, slumped over the
driver's seat. Despite the officer's yelling and beating on the window, it was approximately a
minute before appellant showed any reaction. Appellant had difficulty unlocking the truck's door
and stumbled out of the vehicle. DeFoor could smell a "very heavy odor of alcoholic beverage." 
Appellant's eyes were "very red--his clothes were in disarray--he was swaying while leaning up
against the vehicle." Appellant was "hostile," a condition that DeFoor characterized as normal
for a person awakened in an intoxicated state. No field sobriety test was conducted because of
DeFoor's concern that appellant would have "fallen and injured himself" on Ben White Boulevard. 
DeFoor did not have his "impound sheet," but at trial he testified that to the best of his memory
some empty beer cans were found in appellant's vehicle. After reaching the station house,
appellant stated, "I've operated a lot of times" in response to a question about whether he was
operating a vehicle.

 In reviewing a sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Carlsen v. State, 654 S.W.2d 444, 448 (Tex. Crim. App. 1983). Because the State's
case was based on circumstantial evidence and was tried prior to Geesa, (1) we will use the
"exclusion of reasonable hypotheses" construct as the method for analyzing the evidence. Garrett
v. State, 682 S.W.2d 301, 304-05 (Tex. Crim. App. 1984) ("[I]f the evidence supports an
inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not
a rational finding.") (citation omitted), cert. granted, 471 U.S. 1009 (1985) (vacating the death
sentence). A reviewing court, when faced with facts supporting conflicting inferences, must
presume that the trier of fact resolved those conflicts in favor of the prosecution, and defer to that
resolution. Jackson, 433 U.S. at 326.

 While the main thrust of appellant's point of error appears to be directed to whether
appellant was driving or operating the motor vehicle, we first address the element of intoxication
since proof of both elements must be shown to sustain a conviction. See Ford v. State, 571
S.W.2d 924, 925 (Tex. Crim. App. 1978). Based on the officer's observed facts, his experience
and his expressed opinion that appellant was too intoxicated to operate a vehicle, we hold that his
testimony, standing alone, was sufficient for a rational trier of fact to conclude beyond a
reasonable doubt that appellant was intoxicated and to exclude every other reasonable hypothesis
except that of guilt. See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979).

 Appellant cites cases with facts similar to his own case where the evidence has been
held insufficient to prove the element of driving or operating a vehicle while intoxicated. See
Ballard v. State, 757 S.W.2d 389 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd); Reddie v.
State, 736 S.W.2d 923 (Tex. App.--San Antonio 1987, pet. ref'd). In Ballard and Reddie, the
courts found that there was no evidence as to how long the vehicles had been parked with the
engines running, how long the defendants had been sitting in the vehicles, or how long they had
been intoxicated. Nor was there evidence to show how or when the defendants arrived at the
scene, when they drank alcohol, or whether they were intoxicated. Ballard, 757 S.W.2d at 391;
Reddie, 736 S.W.2d at 925-26. Appellant urges that the foregoing cases control the instant cause
and that there can be no inference that appellant operated or drove the vehicle.

 In Garza v. State, 846 S.W.2d 936 (Tex. App.--Houston [1st Dist.] 1993, pet.
ref'd), a pre-Geesa case, the evidence was held sufficient to sustain the conviction based on
evidence that the intoxicated defendant was found sleeping in the driver's seat in a car with a flat
tire, parked in the roadway, with the motor running, lights on and the gearshift in drive. Id. at
937. The court appears to have distinguished its holding in Ballard based on the evidence
showing that the gearshift was in the "drive" position. See id. at 938.

 In Keenan v. State, 700 S.W.2d 12 (Tex. App.--Amarillo 1985, no pet.), a pre-Geesa case, a passing motorist observed a person sleeping behind the wheel of a vehicle that was
sitting predominantly in the traveling lane of the highway with its lights on and exhaust fumes
coming out of the vehicle tailpipe. The motorist reported what he had seen to an officer who
proceeded to the scene and identified the defendant, who was slumped behind the wheel of the
vehicle, as its sole occupant. The pivotal issue before the court was whether the defendant was
driving while he was intoxicated since the matter of the defendant's intoxication was not contested. 
The court found the foregoing evidence sufficient to sustain appellant's conviction for driving
while intoxicated.

 In Pope v. State, 802 S.W.2d 418 (Tex. App.--Austin 1991, no pet.), the evidence
showed that the defendant was behind the wheel of a vehicle parked in a roadway with lights on,
the engine running, and an open can of beer beside him. The court rejected the hypotheses
advanced by the defendant that someone else drove the vehicle to the spot where it was parked
or that defendant did not become intoxicated until after he stopped his vehicle. The court found
these hypotheses unreasonable because they were based on "pure speculation." Id. at 420.

 In support of his contention that the evidence was insufficient to support his
conviction, appellant points to an absence of evidence showing his ownership of the vehicle. 
Appellant also argues that the evidence fails to exclude the possibility that appellant became
intoxicated after he parked the pickup since empty cans were found in the truck or, alternatively,
that someone else drove appellant to this location.

 "For an outstanding hypothesis to be reasonable, it must be supported by some
credible evidence." Criner v. State, 860 S.W.2d 84, 86 (Tex. Crim. App. 1992). Nor is a
hypothesis reasonable when it is based on speculation. Pope, 802 S.W.2d at 420. The authorities
cited by appellant and the State reveal an apparent inconsistency in the appellate courts' evaluation
of the sufficiency of the evidence in behind-the-wheel cases and demonstrate that the sufficiency
of the evidence must be judged on a case-by-case basis. See Pope, 802 S.W.2d at 420 n.1.

 In the instant cause, the testimony of the only witness showed that appellant, the
sole occupant of the vehicle, was slumped over in the driver's side of the vehicle with the motor
running, the vehicle's lights on, doors locked, and the vehicle's left wheels on the roadway. 
While appellant did not specifically admit driving on the occasion in question, he stated "I've
operated [a vehicle] a lot of times." We find no evidence to support the hypotheses urged by
appellant.

 Viewing the evidence in the light most favorable to the trial court's judgment, we
hold that the combined and cumulative force of all the incriminating circumstances was sufficient
for a rational trier of fact to conclude beyond a reasonable doubt that appellant was driving or
operating a motor vehicle while intoxicated, and to exclude every other reasonable hypothesis
except for that of guilt. Appellant's point of error is overruled.

 The judgment of conviction is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: February 1, 1995

Do Not Publish













* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991).