**Brent Andrew MILAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–01315–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1998.

---

Donald W. Bankston, Houston, for appellants.

John B. Holmes, Calvin Hartman, Houston, for appellees.

Before O'CONNOR, COHEN and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

Brent Andrew Milam, appellant, was convicted of driving while intoxicated (DWI), and the trial court assessed punishment at 180 days confinement, probated for one year, and a $300 fine. We affirm.

On May 16, 1996, Houston Police Officer James McMichael went into a gas station to buy a drink. As he left the station, someone told him that there was a person passed out in a car in the parking lot. McMichael walked over to appellant's car, reached in the open window, and woke appellant. Appellant's engine was running, the car was in gear, and appellant had his foot on the brake. McMichael told appellant to put the car in park, but appellant put the car in reverse. McMichael reached in the car, grabbed the keys, turned the engine off, and took the keys from the ignition. After appellant failed several field sobriety tests, McMichael arrested him for DWI.

■ In his sole point of error, appellant contends the evidence is legally insufficient to show that he operated a motor vehicle. We follow the usual standard of review. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Banda v. State,* 890 S.W.2d 42, 49 (Tex.Crim. App.1994). An appellant "operates" a vehicle if he takes action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. *Denton v. State,* 911 S.W.2d 388, 390 (Tex.Crim.App.1995).

■ Appellant argues that because he was asleep, he was not "operating" his car. In support, he relies on *Ballard v. State,* 757 S.W.2d 389, 391–92 (Tex.App.—Houston [1st Dist.] 1988, no pet.), and *Reddie v. State,* 736 S.W.2d 923, 925 (Tex.App.—San Antonio 1987, pet. ref'd), in which the courts held that there was insufficient evidence to show that defendants discovered sleeping parked vehicles had operated their cars. In *Ballard* and *Reddie,* the defendants were discovered asleep in parked cars with the engines running. The cars were not in gear, and there was no evidence about how long the defendants had been in the cars.

This case is distinguishable from *Ballard* and *Reddie.* Appellant was sitting alone in a parked car. The engine was running, the car was in gear, and appellant's foot was on the brake. The car had been in its location for less than five minutes. When awakened, appellant put the car in reverse. From these facts, a rational fact finder could conclude that appellant had "operated" his car. *See Barton v. State,* 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.) (evidence sufficient to show sleeping defendant operated vehicle—car in gear, appellant's feet on brake).

We overrule appellant's sole point of error.

We affirm the judgment.