# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00809-CR

**Tommy Lynn Drake, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2002-115, HONORABLE FRED R. CLARK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Tommy Lynn Drake guilty of felony driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2004). The jury assessed punishment, enhanced by two other felony convictions, at imprisonment for thirty years. In two points of error, appellant challenges the legal and factual sufficiency of the evidence. We will affirm the conviction.

On the late afternoon of November 7, 2001, William Allen was driving his pickup truck along farm road 20 in Caldwell County. His friend Mark Blazek was with him. The two men noticed a cloud of dust and taillights along the side of the road. When they stopped to investigate, they noticed a flatbed truck that appeared to have run off the road and struck a tree. They saw a man

they identified as appellant get out of the driver's side of the truck; they saw no one else. Appellant had a large cut on his arm and was covered with blood. Both Allen and Blazek testified that appellant smelled strongly of alcoholic beverage. Appellant forced his way into the cab of Allen's pickup truck and asked to be taken to his wife at church. Allen later discovered appellant's keys under the seat of his truck.

Department of Public Safety Trooper Martin Conley responded to the accident call. He saw no skid marks on the highway and testified that it appeared that the flatbed truck's driver left the road, traveled through the grass, and struck the tree without braking. The officer noticed a large amount of blood on the driver's side of appellant's truck. A television set and other items were on the passenger's seat; there was no blood there.

Conley spoke to appellant at the scene. Appellant told him that a friend named Greg had been driving his truck at the time of the accident. Appellant did not know Greg's last name or where he lived. Conley testified that appellant had an "overwhelming odor" of alcoholic beverage on his breath. His eyes were glassy and bloodshot, and his speech was slurred. Conley was of the opinion that appellant was intoxicated. Conley later located appellant's wife, who told the officer that she left her husband at home at about 5:30 p.m. At that time, he was intoxicated and alone.

Appellant was taken to a hospital by emergency medical personnel. There, a sample of his blood was drawn and tested. His alcohol concentration was .28.

Appellant does not deny that he was shown to be intoxicated, nor does he challenge the proof of his previous convictions. He contends, however, that the evidence is legally insufficient to sustain a conviction for driving while intoxicated because no witness actually saw him drive. He

2

relies on the opinion in *Reddie v. State*, 736 S.W.2d 923 (Tex. App.—San Antonio 1987, pet. ref'd). In that case, the defendant was discovered slumped over the steering wheel of a car stopped in the middle of the road, its engine running. *Id*. at 924. Although there was ample evidence of intoxication, the court concluded that the evidence was not legally sufficient to prove that the defendant operated the car while intoxicated. *Id*. at 926. Without evidence as to when the defendant became intoxicated, how he had gotten to the location where he was found, or how long he had been there, the court believed that reasonable hypotheses other than guilt existed. *Id*. The holding in *Reddie* was followed in *Ballard v. State*, 757 S.W.2d 389, 391 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), a case involving similar facts on which appellant also relies.

*Reddie* and *Ballard* predate the opinion in *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991). In *Geesa*, the court of criminal appeals held that the reasonable alternative hypothesis test was no longer to be used to determine whether circumstantial evidence supports a criminal conviction. *Id*. at 161. The only standard for determining the legal sufficiency of the evidence to support any criminal conviction is whether, after viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). Applying that standard to the evidence before us, we hold that the circumstances support the jury's finding that appellant operated his truck in a public place while intoxicated. Point of error one is overruled.

In a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense

3

witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, and the reviewing court may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Id.* at 9.

Appellant testified that Greg came to his house and asked for a ride to Lockhart and back. Appellant, who had been drinking, agreed to let Greg drive his truck. Appellant accompanied him as passenger, holding in his lap the television set that was already in the truck. Greg drove too fast, lost control of the truck, and struck the tree. Appellant did not know if Greg was injured, did not see him leave the scene, and had not seen him since the accident. Appellant got out of the truck on the driver's side, cutting his arm as he did so, because the passenger door was difficult to open. The driver of the wrecker that towed appellant's truck confirmed that the passenger door was damaged.

Clearly, the jury did not believe appellant's defensive testimony. Giving the jury's credibility determination the respect it deserves, we hold that the proof of appellant's guilt is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. Point of error two is overruled.

4

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   May 6, 2004

Do Not Publish