Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
GERALD FROHWEIN,                                      )                  No. 08-03-00488-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  210th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20000D02865)

O P I N I O N

            Gerald Frohwein appeals his conviction of intoxication manslaughter. A jury found
Appellant guilty and made a deadly weapon finding. The court assessed punishment at
imprisonment for twenty-five months. Despite the jury’s finding and the court’s announcement at
the punishment hearing that a deadly weapon finding had been made, the judgment does not contain
a deadly weapon finding. We reform the judgment to include an affirmative deadly weapon finding
and to delete the references to “Count I and Count II.” The judgment, as modified, is affirmed.
FACTUAL SUMMARY
            Kenneth Castellano and his wife drove upon the scene of an accident on Dyer Street in
El Paso. Mr. Castellano had been asleep but woke up and got out of his vehicle. He first saw a
tractor trailer rig and a wrecked car, and assumed that the tractor trailer had hit the car. He then saw
a wrecked motorcycle. Castellano spoke with the driver of the tractor trailer and learned that he had
stopped at the scene of the accident to help.


 Castellano went over to the car and spoke with the sole
occupant who was still seat-belted into the driver’s seat. Castellano smelled alcohol and gasoline
around the car. He could not identify Appellant as the driver because it was dark at the scene. The
driver of the car got out and asked Castellano for a cigarette. The Castellanos and the trucker then
began looking for the motorcyclist. The trucker found the motorcyclist’s body and called 911. The
victim was ultimately identified as Joseph McCulley.
            Officer Jose Medina of the El Paso Police Department was dispatched to the accident at
10:45 p.m. and arrived five to ten minutes later. He found a damaged blue vehicle resting on an
embankment and a male standing next to it. The front end of the vehicle was significantly damaged,
the hood was nearly torn off the car, and the windshield had been shattered. A severely damaged
motorcycle was on the ground near the car. Medina identified Appellant as the person he found
standing next to the car. Appellant appeared distraught, and Medina asked what had happened. At
first, Appellant said nothing and just looked at him. Because Appellant appeared intoxicated,
Medina performed a horizontal gaze nystagmus (HGN) test. Medina began the one-legged stand test
but because Appellant almost fell, Medina did not administer any other tests. In Medina’s opinion,
Appellant was impaired. Appellant told Medina that he had run into an embankment. 
            The police transported Appellant to the Northeast Regional Command where Officer Edward
Nicholas performed additional field sobriety tests. Nicholas first conducted the HGN test and
detected signs of intoxication. Appellant explained that he had multiple sclerosis which made it
difficult for him to perform the walk and turn and one-legged stand tests. Nicholas did not continue
with those tests. He advised Appellant of his Miranda rights and gave him the DWI statutory
warnings. Appellant consented to give a breath specimen for testing. The breathalyzer revealed that
Appellant’s blood alcohol content was .188 at 1:19 a.m. and .173 at 1:22 a.m., approximately two
and one-half hours after officers were dispatched to the accident. Appellant began complaining to
Nicholas that he had chest pain and opened his shirt to reveal what Nicholas described as a
distinctive mark which went from Appellant’s left shoulder down to his right side. Appellant told
Nicholas, and Nicholas agreed, that the mark was caused by the seat belt. Appellant was
subsequently transported to the hospital. 
            Officer Ruben Martin is assigned to the El Paso Police Department’s Special Traffic
Investigations. STI investigates all major accidents and Martin was dispatched to investigate this
accident. There were no witnesses to interview when he arrived, so he examined the physical
evidence to determine the point of impact. Based on his investigation, Martin concluded that the car
was traveling south in the northbound lanes of Dyer and struck the motorcycle head on. The car did
not brake before the collision. 
            The medical examiner determined that McCulley died as the result of multiple injuries
sustained in the accident. McCulley had a massive subarachnoid hemorrhage, multiple rib fractures,
a tear of the thoracic aorta, a bruised heart, and fractures of both femurs and pubic bones. 
            A grand jury returned a two-paragraph intoxication manslaughter indictment against
Appellant, alleging loss of faculties in the first paragraph, and intoxication per se in the second
paragraph. The trial court apparently interpreted these as separate offenses and submitted them to
the jury as separate counts with separate verdict forms. The jury returned a guilty verdict
with respect to each “count” and the trial court sentenced Appellant to imprisonment for a term of
twenty-five months on each count.


 The court additionally announced that it made an affirmative
deadly weapon finding but did not include the affirmative finding in the judgment. 
SUFFICIENCY OF THE EVIDENCE
            In Points of Error One and Two, Appellant challenges the legal and factual sufficiency of the
evidence to sustain his conviction of intoxication manslaughter. More specifically, he alleges that
the State failed to prove beyond a reasonable doubt that: (1) he operated a vehicle; (2) he was
intoxicated at the time that he operated the vehicle; and (3) he caused the death of Joseph McCulley
as the result of being intoxicated. A person commits the offense of intoxication manslaughter if the
person (1) operates a motor vehicle in a public place; (2) is intoxicated;


 and (3) by reason of that
intoxication; (4) causes the death of another by accident or mistake. Tex.Pen.Code Ann. § 49.08
(Vernon 2003).
 

Standards of Review
            In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). This familiar
standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts.
Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. We do not resolve any conflict of fact
or assign credibility to the witnesses, as it was the function of the trier of fact to do so. See Adelman
v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991). Instead, our duty is only to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most
favorable to the verdict. Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. Further, the standard of
review is the same for both direct and circumstantial evidence cases. Geesa, 820 S.W.2d at 158.
            When conducting a review of the factual sufficiency of the evidence, we consider all of the
evidence, both admissible and inadmissible, but we do not view it in the light most favorable to the
verdict. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). We review the evidence
weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare
it with the evidence that tends to disprove that fact. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996). A defendant
challenging the factual sufficiency of the evidence may allege that the evidence is so weak as to be
clearly wrong and manifestly unjust, or in a case where the defendant has offered contrary evidence,
he may argue that the finding of guilt is against the great weight and preponderance of the evidence. 
See Johnson, 23 S.W.3d at 11. Although we are authorized to set aside the fact finder’s
determination under either of these two circumstances, our review must employ appropriate
deference and should not intrude upon the fact finder’s role as the sole judge of the weight and
credibility given to any evidence presented at trial. See Johnson, 23 S.W.3d at 7. We are not free
to reweigh the evidence and set aside a verdict merely because we believe that a different result is
more reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922 S .W.2d
at 135.
Operation of the Vehicle
            Appellant first contends that the State failed to prove that he operated the vehicle found at
the scene of the accident. The Penal Code does not define the term “operate.” Barton v. State, 882
S.W.2d 456, 458-59 (Tex.App.--Dallas 1994, no pet.). However, the Court of Criminal Appeals has
held that in order to find operation of a motor vehicle, “the totality of the circumstances must
demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that
would enable the vehicle’s use.” Denton v. State, 911 S.W.2d 388, 389-90 (Tex.Crim.App.
1995)(approving definition stated in Barton); Barton, 882 S.W.2d at 459. Further, while driving
does involve operation, operation does not necessarily involve driving. Denton, 911 S.W.2d at 389.
            At trial and now on appeal, the State relies on Appellant’s statement to police that he “ran
into an embankment” to prove that he operated the vehicle involved in the accident. As part of his
sufficiency argument, Appellant contends that the State failed to corroborate his extrajudicial
statement. Extrajudicial confessions alone are not sufficient to support a conviction. Emery v. State,
881 S.W.2d 702, 705 (Tex.Crim.App. 1994); Purvis v. State, 4 S.W.3d 118, 121 (Tex.App.--Waco
1999, no pet.). A defendant’s extrajudicial confession must be corroborated by other evidence
tending to show that a crime has been committed. Williams v. State, 958 S.W.2d 186, 190
(Tex.Crim.App. 1997); Purvis, 4 S.W.3d at 121. The corroborating evidence, however, need not be
sufficient by itself to prove the offense; rather all that is required is that there be some evidence
which renders the commission of the offense more probable than it would be without the evidence. 
 Williams, 958 S.W.2d at 190; Purvis, 4 S.W.3d at 121. Evidence showing that the car was found
resting on an embankment, that Appellant was found alone outside of the car in a distraught
emotional state, and that Appellant had a seat belt mark across his torso collectively corroborates the
statement that he “ran into an embankment.” See Purvis, 4 S.W.3d at 122 (defendant’s admission
to police that she was driving vehicle that crashed into fence was sufficiently corroborated where
witness testified that he found defendant alone and passed out in her vehicle with lights on and doors
shut and it appeared that vehicle had gone off road).
            In support of his argument that the evidence is insufficient, Appellant cites two pre-Geesa
decisions: Reddie v. State, 736 S.W.2d 923 (Tex.App.--San Antonio 1987, pet. ref’d) and Ballard
v. State, 757 S.W.2d 389 (Tex.App.--Houston [1st Dist.] 1988, pet. ref’d). In Reddie, the defendant
was found slumped over the driver’s wheel with the motor idling. Reddie, 736 S.W.2d at 924-25. 
The car was stopped in the middle of the road and the gearshift was in “park.” Id. One witness
testified that the car had not been there 2 and 1/2 hours earlier, but there was no other no evidence
as to how long the car had been parked on the roadway. The court of appeals acknowledged that the
evidence showing that the motor was running and the gear was in the park position supported an
obvious inference that the person found intoxicated and sleeping behind the wheel caused the car to
function in this way at some time. Id. at 926. But the court found the evidence insufficient because
other reasonable hypotheses existed. In the absence of evidence showing how long the car had been
at that location, when the defendant became intoxicated, or whether the defendant was the one who
drove the car and parked it there, the court refused to infer that he drove or operated the car while
intoxicated. Id.
            In Ballard, the First Court of Appeals followed Reddie. There, the defendant was found
unconscious, slumped over the driver’s wheel. Ballard, 757 S.W.2d at 390. The vehicle was parked
on the shoulder of the highway with the engine still running. The State offered no evidence
indicating how long the vehicle had been parked on the shoulder. The defendant admitted to police
that he had been driving the vehicle but the court of appeals held that his uncorroborated admission
was not sufficient to prove that he had operated the vehicle. Id.
            The Court of Criminal Appeals has abandoned the alternative reasonable hypothesis construct
applied in both Reddie and Ballard. See Geesa v. State, 820 S.W.2d 154, 162 (Tex.Crim.App.
1991), overruled in part on other grounds, Paulson v. State, 28 S.W.3d 570, 571 (Tex.Crim.App.
2000). Under that construct, the reviewing court accepted the inculpatory circumstances and then
considered whether a reasonable hypothesis other than guilt would also account for such
circumstances. See Barton, 882 S.W.2d at 458. If the evidence did not exclude all reasonable
hypotheses raised by the evidence except the defendant’s guilt, the evidence was legally insufficient. 
Id. Now, reviewing courts examine both direct and circumstantial evidence in the same manner and
do not disregard reasonable inferences that can be drawn from circumstantial evidence. Barton, 882
S.W.2d at 459. We evaluate each circumstantial evidence case on its own facts and look to the
totality of the circumstances surrounding the entire incident. Id. See Purvis, 4 S.W.3d at 120
(refusing to follow Reddie and similar pre-Geesa decisions); Barton, 882 S.W.2d at 458 (refusing
to follow Reddie and Ballard).
            Castellano and his wife came upon the scene of the accident and saw a car resting on an
embankment. The driver, who was alone in the car, was still seated in the car wearing his seat belt.
The driver exited the vehicle and asked for a cigarette. Responding officers found Appellant
standing alone next to the car. He did not reply initially when asked what happened, but he
subsequently told one of the officers that he had run into an embankment. While at regional
command, Appellant began complaining of chest pain and showed Officer Nicholas a distinctive
mark extending from his left should down to his right side. Appellant told Nicholas that his seat belt
had made the mark. Hospital staff also noted the mark in Appellant’s medical records (State’s
Exhibit 24), stating “has obvious seat belt mark diagonal from L shoulder to R ribs - small lac over
sternum.” The medical records also reflect that Appellant was the driver of a vehicle involved in a
motor vehicle accident with a motorcycle, but it is not clear whether this information was provided
by Appellant, in which case it would have been admissible under Tex.R.Evid. 803(24), or by the
transporting officer, in which case it could have been subject to a hearsay objection. In any event,
Appellant failed to lodge a hearsay objection. Even assuming the statements in the medical records
are hearsay, they still must be considered in assessing the sufficiency of the evidence. See Chambers
v. State, 711 S.W.2d 240, 246 (Tex.Crim.App. 1986)(unobjected-to-hearsay possesses probative
value and should be considered in determining sufficiency of the evidence). Given: (1) Castellano’s
testimony that the driver of the car involved in the accident was wearing his seat belt; (2) Appellant
bore a distinctive seat belt mark on his torso extending from his left shoulder down to his right ribs;
(3) the police discovered Appellant standing alone next to the car in a distraught emotional state; (4)
Appellant stated that he had “run into an embankment;” and (5) the medical records indicate that
Appellant was the driver of a vehicle involved in a motor vehicle accident, a rational jury could have
found beyond a reasonable doubt that Appellant was the operator of the motor vehicle which struck
and killed McCulley. Therefore, the evidence is legally sufficient to prove this element of the
offense.
            We have also reviewed all of the evidence in a neutral light. Even if we exclude Appellant’s
medical records from consideration, inferences can be drawn from the remaining evidence that
Appellant operated the motor vehicle which collided with McCulley’s motorcycle. Because the
evidence is not so weak as to render a guilty verdict clearly wrong and unjust, it is factually sufficient
to prove this element of the offense.
Intoxication at the Time of the Accident
            Appellant next argues that the evidence is legally and factually insufficient to prove that he
was intoxicated at the time he operated the vehicle because the State failed to establish the time of
the accident and did not offer retrograde extrapolation evidence. Appellant again relies on a pre-Geesa decision, McCafferty v. State, 748 S.W.2d 489 (Tex.App.--Houston [1st Dist.] 1988, no pet.). 
In McCafferty, the court of appeals concluded that the evidence was insufficient to sustain a DWI
conviction. A police officer, who arrived at the scene of the accident approximately one hour and
twenty minutes after the accident, testified that the defendant was intoxicated. Id. at 491. A breath
test conducted more than two hours after the accident also showed that the defendant was
intoxicated. Id. However, the State failed to ask whether the defendant had anything to drink after
the accident but before the officer’s arrival and the State’s expert witness did not explain absorption
and metabolization rates of intoxication or in any way connect the breath test results to the
defendant’s condition while driving over two hours earlier. Id. Consequently, the evidence failed
to exclude the alternative reasonable hypothesis that the defendant became intoxicated after the
accident. Id. at 492. Because the State is not required to disprove alternative reasonable hypotheses,
such as whether Appellant became intoxicated after the accident, McCafftery is not controlling. See
Zavala v. State, 89 S.W.3d 134, 139 (Tex.App.--Corpus Christi 2002, no pet.)(declining to following
McCafferty); Chaloupka v. State, 20 S.W.3d 172, 175 (Tex.App.--Texarkana 2000, pet. ref’d)
(declining to follow McCafferty).
            Our review of the record reveals substantial evidence of intoxication under both the loss of
normal use and per se definitions of intoxication. The accident investigator determined based on his
investigation that Appellant’s vehicle had crossed from the southbound lanes into the northbound
lanes of Dyer when he struck the motorcycle. That Appellant did not attempt to brake before the
collision is evidence that he did not have the normal use of his mental and physical faculties. 
Officers Medina and Nicholas both noticed that Appellant smelled of alcohol. The HGN tests
administered by Medina and Nicholas reflected that Appellant exhibited signs of intoxication. In
Medina’s opinion, Appellant was “highly intoxicated.” The breath test conducted nearly two and
a half hours after the officers arrived at the scene showed that Appellant’s blood alcohol level was
twice the legal limit. The evidence that Appellant was driving on the road side of the roadway and
did not attempt to brake to avoid the collision with the motorcyclist supports a conclusion that he
was intoxicated at the time he operated the vehicle. We conclude that the evidence is legally
sufficient to prove that Appellant operated a vehicle while intoxicated.
            Taken in a neutral light, the evidence is also factually sufficient to prove this element. While
Appellant suggests that he became intoxicated after the accident, there is no evidence to support such
an inference. Further, Appellant’s failure to brake in order to avoid the collision with the motorcycle
is evidence that he was intoxicated at the time he drove the vehicle. Appellant also asserts that his
impairment was due to his medical condition rather than ingestion of alcohol. It was for the jury to
review the evidence and choose among the competing theories. The evidence offered by the State
is not so weak that the jury’s determination is clearly wrong and manifestly unjust. Accordingly, the
evidence is factually sufficient to support this element.
Causation
            Appellant also challenges the legal and factual sufficiency of the evidence to prove that he
caused McCulley’s death. We understand Appellant to argue that the State failed to prove that his
vehicle struck McCulley’s motorcycle. Additionally, he contends that the accident occurred as the
result of the dangerousness of the road. In addressing Appellant’s arguments, we bear in mind that
the State is not required to prove that intoxication is the sole cause of the accident. See
Tex.Pen.Code Ann. § 6.04 (Vernon 2003)(“A person is criminally responsible if the result would
not have occurred but for his conduct, operating either alone or concurrently with another cause,
unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor
clearly insufficient.”). The State offered into evidence the photographs taken at the accident scene
depicting the damaged automobile and motorcycle. From the extensive damage to both the car and
the motorcycle, it would be irrational to say they were not involved in an accident. Additionally,
Officer Martin of the STI unit investigated the accident. Since there were no eyewitnesses, Martin
examined the scene for tire marks, skid marks, yaw marks, scuff marks and gouge marks to
determine the involved vehicles’ direction of travel and the point of impact. While there were a
number of skid marks on the roadway, Martin and his partner believed those marks to be connected
with this accident. Based on the evidence, Martin determined that Appellant’s vehicle traveled from
the southbound lane across the median and into the northbound lane where it struck McCulley’s
motorcycle head on. Appellant did not brake before striking McCulley. This evidence is legally
sufficient to prove that the vehicle driven by Appellant struck and killed McCulley as the result of
Appellant’s intoxication.
            In conducting the factual sufficiency review, we consider Appellant’s complaint that Martin
did not examine Appellant’s car and the motorcycle to determine whether there was any paint
transfer. Appellant also asserts that Martin’s testimony describing how the accident occurred is
speculative given the number of skids marks at the scene. Defense counsel raised these issues on
cross-examination. Martin explained that he and his partner examined the marks found on the
roadway, including those believed to be connected to this particular accident. He admitted that the
area where the accident occurred is dark because there are no street lights but the lanes of travel were
clearly marked with reflective paint. Additionally, Castellano often traveled this street and had never
noticed any hazards or anything else that made it especially dangerous. There is evidence from
which a rationale factfinder could have reasonably found a causal connection between Appellant’s
intoxication and the accident. The jury was free to accept or reject reasonably equal competing
theories of causation. See Goodman v. State, 66 S.W.3d 283, 287 (Tex.Crim.App. 2001). We are
unable to conclude that the jury’s resolution of the contested issues is clearly wrong or manifestly
unjust. Therefore, the evidence is factually sufficient.
Identification
            Finally, Appellant contends that the evidence is legally and factually insufficient to prove the
identification of the victim. He argues in Point of Error Three that the admission of a document
identifying the victim as Joseph McCulley violated his right of confrontation. We will first consider
whether the court properly admitted the document.
            At trial, the State asked Dr. Contin whether he performed an autopsy on Joseph McCulley. 
Dr. Contin answered in the affirmative but Appellant objected that Dr. Contin did not have personal
knowledge of the deceased’s identity and his testimony regarding identity would be based on
hearsay. The trial court overruled the objection subject to proof of the identification being offered. 
Dr. Contin went on to testify about the autopsy. The State subsequently introduced over Appellant’s
hearsay objection a document entitled “Record of Identification of Body” (State’s Exhibit 29)
through the business records exception to the hearsay rule. See Tex.R.Evid. 803(6). The document
reflected that McCulley’s employer and friend, Patricia Anderson, examined the body at the morgue
and determined that it was the body of Joseph McCulley. Additionally, Dr. Contin looked at a
photograph of the victim from the accident scene, State’s Exhibit 7, and testified without objection
that the person in the photograph “is the gentlemen I did an autopsy on by the name of Joseph
McCulley.”
            Appellant effectively concedes that State’s Exhibit 29 was admissible under the business
records exception, but argues that its admission nevertheless violated his right of confrontation
guaranteed by the Sixth Amendment. It is well established that an issue raised on appeal must
correspond to the precise objection made in the trial court. Willis v. State, 785 S.W.2d 378, 382-83
(Tex.Crim.App. 1989). A hearsay objection does not preserve error on Confrontation Clause
grounds. Paredes v. State, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004); Wright v. State, 28 S.W.3d
526, 536 (Tex.Crim.App. 2000), cert. denied, 531 U.S. 1128, 121 S.Ct. 885, 148 L.Ed.2d 793
(2001). Dr. Contin’s testimony and State’s Exhibit 29 constitute both legally and factually sufficient
to establish the identity of the victim as Joseph McCulley. Points of Error One, Two, and Three are
overruled.
EXCLUSION OF AUTOPSY REPORT
            In Point of Error Four, Appellant argues that the trial court abused its discretion in excluding
the autopsy report for the purpose of showing that McCulley had used cocaine before the accident. 
Appellant asserts that McCulley’s cocaine use is relevant to concurrent causation and its exclusion
prevented him from raising this defense.
            Dr. Contin testified outside the jury’s presence that he performed a chemical analysis of
McCulley’s blood and found 188 nanograms of cocaine per milliliter and 491 nanograms of cocaine
metabolites in his system. In Dr. Contin’s opinion, this indicated that McCulley had used cocaine
perhaps an hour to an hour and a half before he died. Given the large amount of metabolite, Dr.
Contin believed that the effect on McCulley would have been “very low” because most of the
cocaine had already been metabolized. The court sustained the State’s relevance objection. 
            A person is criminally responsible if the result would not have occurred but for his conduct,
operating either alone or concurrently with another cause, unless the concurrent cause was clearly
sufficient to produce the result and the conduct of the actor clearly insufficient. Tex.Pen.Code Ann.
§ 6.04(a). Evidence is relevant if it has any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than it would be
without the evidence. Tex.R.Evid. 401; Moreno v. State, 858 S.W.2d 453, 463 (Tex.Crim.App.
1993). Relevance is not an inherent characteristic of any item of evidence but exists as a relation
between an item of evidence and a matter properly provable in the case. Montgomery v. State, 810
S.W.2d 372, 375 (Tex.Crim.App. 1990). Moreover, the evidence need not by itself prove or
disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward
proving or disproving some fact of consequence. Id. at 376.
            We review the trial court’s decision to exclude evidence under the abuse of discretion
standard. Willover v. State, 70 S.W.3d 841, 845 (Tex.Crim.App. 2002); Avila v. State, 954 S.W.2d
830, 837-38 (Tex.App.--El Paso 1997, pet. ref’d). This is especially true where a question of
relevance is raised. See Contreras v. State, 915 S.W.2d 510, 518-19 (Tex.App.--El Paso 1995, pet.
ref’d)(questions of relevance should be left largely to the trial court, relying on its own observations
and experience, and will not be reversed absent an abuse of discretion). As long as the trial court’s
ruling was at least within the zone of reasonable disagreement, we will not intercede. Montgomery,
810 S.W.2d at 391 (op. on reh’g).
            The evidence reveals that Appellant veered from his lane of travel into oncoming traffic and
collided head-on with McCulley’s motorcycle. McCulley was traveling properly in his lane and
there is evidence that he attempted to avoid the collision by moving to the far right side of his lane
and the edge of the roadway. With or without the autopsy report, there is no evidence of concurrent
causation attributed to McCulley. The only question for the jury was whether Appellant was
criminally responsible. McCulley’s cocaine use was irrelevant to that issue. The trial court did not
abuse its discretion by excluding the evidence. Point of Error Four is overruled. We reform the
judgment to delete the references to Count I and Count II, and to include a deadly weapon finding. 
As modified, the judgment of the trial court is affirmed. 

June 16, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)