Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT


















Opinion
issued on September 24, 2009

                                                                                                                                                                                                                                                                                                                                                                        



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-01038-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



juan gabriel rodriguez, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from County
 Criminal Court
at Law No. 11

Harris County,
Texas

Trial Court Cause No. 1513830

 

 



MEMORANDUM opinion

A jury convicted appellant, Juan
Gabriel Rodriguez, of the Class B misdemeanor offense of driving while
intoxicated.  The trial court assessed
punishment at confinement for 180 days and a fine of $500, suspended the confinement
portion of the sentence and placed appellant on community supervision for one
year.[1]  On appeal, Rodriguez complains that the
evidence is legally and factually insufficient to show that he operated a motor
vehicle.  We affirm. 

Background

          While
on patrol during the early morning hours of March 14, 2008, Deputy Stephen
Herrmann of the Harris County Sheriff’s Office was dispatched to an unknown
medical emergency at the intersection of Uvalde and Woodforest.  As he approached the intersection in his
patrol car at approximately 1:30 a.m., Deputy Herrmann observed a white Dodge
truck parked in the roadway.  Although
the truck’s headlights were off, its engine was running and its brake lights
were on.  Appellant, the truck’s sole
occupant, was sitting in the driver’s seat, apparently unconscious, with his
arms hanging down along his side and his foot on the brake pedal.  The deputy reached in the open driver’s side
window, turned off the truck’s engine, and attempted to rouse appellant by
nudging and shaking him.  

When appellant finally awoke, Deputy
Herrmann noticed that appellant’s eyes were bloodshot and watery and he was
mumbling incoherently.  The deputy also
smelled alcohol on appellant’s breath.  When
asked to step out of the vehicle, appellant was unsteady on his feet and needed
assistance walking.  

At that point, Deputy Herrmann
detained appellant and drove him to the police station for further
investigation.  During a videotaped interview
at the station, appellant acknowledged that he had consumed four twelve-ounce
bottles of beer that evening, the last of which he consumed at 10:45 p.m.  He denied, however, driving or operating a
vehicle that evening while under the influence of alcohol.  Appellant also politely refused to perform
any of the standardized field sobriety tests offered to him or to submit to a
breathalyzer test.   

Appellant was arrested later that
morning and subsequently charged for operating a motor vehicle in a public
place while under the influence of alcohol. 


Standard of Review

In assessing legal sufficiency, the reviewing
court must consider the entire trial record to determine whether, viewing the
evidence in the light most favorable to the verdict, a rational jury could have
found beyond a reasonable doubt that the accused committed all essential
elements of the offense.  Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781,
2788–89 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  We must “evaluate all of the evidence in the
record, both direct and circumstantial, whether admissible or
inadmissible.”  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 

 In conducting a legal-sufficiency review, we
do not reevaluate the weight and credibility of the evidence, but ensure only
that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).  It is the function of
the trier of fact to resolve any conflict of fact, to weigh any evidence, and
to evaluate the credibility of any witnesses. 
See Dewberry, 4 S.W.3d at 740; Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992); see also Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 
We therefore resolve any inconsistencies in the evidence in favor of the
verdict, Matson, 819 S.W.2d at 843, and “defer to the jury’s credibility
and weight determinations.”  Marshall v.
State, 210 S.W.3d 618, 625 (Tex.
Crim. App. 2006).

When conducting a factual-sufficiency
review, we view all of the evidence in a neutral light.  Roberts
v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007)(citing Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000)).  We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence.  Johnson, 23 S.W.3d at 11.  Under
the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of
evidence admitted, we would have voted to acquit had we been on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006).  Such a wrong and unjust verdict
includes instances in which the jury’s finding is manifestly unjust, “shocks
the conscience,” or “clearly demonstrates bias.”  See id.
at 417, 442.  Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id.
at 417.  Before concluding that evidence
is factually insufficient to support a verdict under the second prong of Johnson,
we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  

In conducting our review, we must be
cognizant of the fact that a jury has already passed on the facts and avoid
substituting our judgment for that of the jury. 
Lancon v. State, 253 S.W.3d 699, 704–05 (Tex. Crim. App. 2008).  The jury is the sole judge of the credibility
of the witnesses, and the weight to be given their testimony, and may choose to
believe all, some, or none of the testimony presented.  Id.
at 707.  We therefore afford almost
complete deference to a jury’s determination when that decision is based on an
evaluation of credibility.  Id. at
705.  Unless the record clearly indicates
that a different result is appropriate, we must defer to the jury’s
determination concerning what weight to be given contradictory evidence.  See id. at 706.

 In conducting a factual-sufficiency review, we
also must discuss the evidence that, according to the appellant, most
undermines the jury’s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  We may not find the
evidence factually insufficient simply because we disagree with the verdict,
but only because the verdict represents a manifest injustice.  Watson, 204 S.W.3d at 414.

Sufficiency of the Evidence

          Appellant
asserts that the evidence is both legally and factually insufficient to support
his conviction for driving while intoxicated because there is no evidence that
he was operating a motor vehicle.  Specifically,
appellant argues that (1) there is no evidence that the truck belonged to him,
(2) there is no evidence that anyone saw him driving the truck, and (3) there is
no evidence regarding the length of time the vehicle was parked at the
intersection.  He asserts that therefore,
under the law as set forth in Reddie v.
State, 736 S.W.2d 923 (Tex. App.—San Antonio 1987, pet. ref’d) and Ballard v. State, 757 S.W.2d 389 (Tex.
App.—Houston [1st Dist.] 1987, pet. ref’d), the evidence is legally
insufficient to support his conviction.  Appellant
also challenges the factual sufficiency of the evidence.  Appellant argues that the evidence purportedly showing that
he operated a motor vehicle while intoxicated is so weak that the verdict is
clearly wrong and manifestly unjust.  

In Reddie and Ballard,
police officers found the defendant intoxicated and unconscious, sitting behind
the wheel of a parked car on or near a roadway with its engine running.  Reddie, 736 S.W.2d at 924–25; Ballard, 757 S.W.2d at 391–92.  No evidence was presented in either case that
showed whether the defendant was intoxicated before the time that the car was
parked, how long the defendant had been intoxicated or in the car, who owned
the car, or who had parked the car.  Reddie, 736 S.W.2d at 927; Ballard, 757 S.W.2d at 391.  Although the Reddie court acknowledged that the evidence supported an obvious
inference that the person found intoxicated and sleeping behind the wheel was
the person who had been driving it, the court found the evidence insufficient
because other reasonable hypotheses existed. 
Reddie, 736 S.W.2d at
926.  Following the reasoning in Reddie,
the Ballard court also concluded that
the evidence in that case was not legally sufficient to prove that the
defendant operated the car while intoxicated. 
Ballard, 757 S.W.2d at 391–92.

Although appellant is correct in
noting that the facts in his case are strikingly similar to the facts in both Reddie and Ballard, his reliance
upon these cases is misplaced.  Reddie and Ballard were decided under the reasonable alternative hypothesis construct
for circumstantial evidence.  This
construct, however, is no longer the law in Texas.  See
Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991) (rejecting use
of alternative reasonable hypothesis construct as a method of appellate review
for evidentiary sufficiency).  Under the
current standard, the evidence need not exclude all reasonable alternative
hypotheses in order to be legally sufficient. 

Under
Texas law, a person commits the offense of driving while
intoxicated if the person is intoxicated while
operating a motor vehicle in a public place.  Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).  While there is no statutory definition of the
term “operate,” the Texas Court of Criminal Appeals has determined that a
person “operates” a vehicle when the totality of the circumstances demonstrate
the person took action to affect the functioning of the vehicle in a manner
that would enable its use.  Denton v. State, 911 S.W.2d 388, 390
(Tex. Crim. App. 1995); see also Milam v. State,
976 S.W.2d 788, 789 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d)
(concluding appellant was operating vehicle when his
car’s engine was running, car was in gear, and appellant had his foot on the
brake); Barton v. State, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no
pet.) (concluding appellant was operating vehicle when vehicle, with engine idling, was standing still in roadway
protruding into intersection and appellant was asleep behind wheel with feet on
clutch and brake).

Here, appellant was observed in a
vehicle that was parked in the roadway with its engine running.  Appellant was unconscious behind the wheel,
with his foot on the brake.

Viewing the evidence in the light
most favorable to the verdict, we hold that a rational juror could have found,
beyond a reasonable doubt, that appellant was operating a vehicle while
intoxicated and therefore guilty of the offense of driving while
intoxicated.  Reviewing all of the
evidence in a neutral light, and giving deference to the jury’s determinations
on credibility and the weight to be given contradictory evidence, we conclude
that the evidence is not so weak as to render the jury’s verdict clearly wrong
and manifestly unjust.  See Lancon,
253 S.W.3d at 706.  We hold that the
evidence is legally and factually sufficient to support appellant’s conviction
and overrule appellant’s first and second issues.

CONCLUSION

We
affirm the judgment of the trial court.

 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel consists of Justices Jennings,
Higley, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]        See Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).